IN RE DISQUALIFICATION OF CLEARY.

THE STATE OF OHIO *v.* ALEXANDER.

[Cite as *In re Disqualification of Cleary* (1990), 74 Ohio St.3d 1225.]

(No. 90–AP–093—Decided August 10, 1990.)

MOYER, C.J.   The affidavit of disqualification herein was filed by G. Cleveland Cox, purporting to act as counsel for the defendant, Damon Alexander, seeking the disqualification of Judge Patricia A. Cleary from further proceedings in the above-captioned case.

The allegations contained in the affidavit of disqualification and subsequent filings are insufficient to sustain a finding of bias or prejudice.

Further, it is undisputed that G. Cleveland Cox is not licensed to practice law in Ohio.   His written motion to participate in the underlying case *pro hac vice* was filed four days after this affidavit of disqualification was filed.   Thus, at the time this affidavit was filed, Mr. Cox was not counsel of record for defendant Alexander.   The motion to participate *pro hac vice* subsequently was denied by Judge Cleary.

R.C. 2701.03 authorizes the filing of an affidavit of disqualification by a party or by counsel for a party.   Since G. Cleveland Cox was not counsel for defendant Alexander and was not a party to this action, he lacked standing to file the affidavit of disqualification.

This lack of standing renders the affidavit of disqualification void.   These facts were apparent to the trial court, and the trial judge properly proceeded with the case.

This does not mean that a judge may determine the merits of an affidavit of disqualification filed against him or her and proceed with the underlying case if he or she believes the affidavit is groundless. Only where it is undeniably clear, from the face of the affidavit, or facts of record known to the judge, that an affidavit of disqualification does not comport with the requirements of R.C. 2701.03 may a judge participate in the underlying case prior to the ruling of the Chief Justice on the affidavit. Ordinarily, a judge should not participate during the pendency of an affidavit to protect the integrity of the statutory right of disqualification and to preserve the authority vested in the Chief Justice by R.C. 2701.03.

This holding is consistent with that of *In re Disqualification of Badger* (1989), 43 Ohio St.3d 601, 538 N.E.2d 1023. *In re Badger,* citing two appellate decisions, held that the trial judge could overrule an affidavit not timely filed and proceed with the trial or hearing. A contrary finding here would permit a person who is not a party or counsel for a party to delay proceedings until the issuance of a written ruling by the Chief Justice, and would be inconsistent with the intent of R.C. 2701.03.

Affiant Cox also filed a Motion for a Temporary Restraining Order and a Motion for Oral Arguments and Hearing Before Judges During a Full Session. Those motions are hereby denied.

The above-captioned case shall continue before Judge Patricia A. Cleary.