IN RE DISQUALIFICATION OF GROSSMANN.

IN RE JANE DOE.

[Cite as *In re Disqualification of Grossmann* (1994), 74 Ohio St.3d 1254.]

(No. 93–AP–197—Decided March 4, 1994.)

MOYER, C.J. This affidavit of disqualification was filed by Alphonse A. Gerhardstein, counsel for a minor who petitioned the court of common pleas pursuant to R.C. 2151.85. The case originally was assigned to Judge David E. Grossmann of the Juvenile Division of the Hamilton County Court of Common Pleas. Judge Grossmann transferred the case to another judge of the division who made the determination required by statute.

Although the case in which affiant represented petitioner has been decided, both affiant and Judge Grossmann have agreed to have the issues raised in this affidavit of disqualification determined in accordance with R.C. 2701.03. Affiant and Judge Grossmann agree that the issues raised by this affidavit will arise in future actions brought in Hamilton County pursuant to R.C. 2151.85. This section allows an unemancipated minor to file a complaint in juvenile court requesting the issuance of an order that would authorize her to consent to an abortion without notification to her parents, guardian, or custodian.

Affiant contends that Judge Grossmann's membership on the Board of Trustees of the Cincinnati Crisis Pregnancy Center ("CCPC") raises a question of the judge's impartiality in considering petitions filed pursuant to R.C. 2151.85. He

asserts that CCPC, which is a tax-exempt organization, is closely affiliated with anti-abortion organizations and is opposed to Planned Parenthood, whose counselors often appear as witnesses in R.C. 2151.85 proceedings in Hamilton County.

Judge Grossmann admits to serving on CCPC's board of trustees but disputes many of affiant's allegations regarding activities in which CCPC engages. He notes that CCPC is engaged in educational, religious, and charitable purposes such as pregnancy testing, counseling, and assistance for needy women, and asserts that CCPC does not engage in political activity or lobbying or participate in R.C. 2151.85 proceedings. He relies on Canon 5B of the Code of Judicial Conduct and advisory opinions of the Board of Commissioners on Grievances and Discipline in support of his claim that his service on the board of trustees of CCPC is permissible and does not require his disqualification from R.C. 2151.85 proceedings.

R.C. 2701.03 reads, in part, as follows:

"When a judge of the court of common pleas is interested in a cause or matter pending before the court, is related to, or has a bias or prejudice either for or against, a party to a matter or cause *pending before the court* or his counsel, or is otherwise disqualified to sit in a cause or matter pending before the court, any party to the cause or matter, or the counsel of any party may file an affidavit with the clerk of the supreme court setting forth the fact of the interest, bias, prejudice, or disqualification." (Emphasis added.)

This language clearly limits the authority of the Chief Justice in determining the existence of interest, bias, prejudice, or disqualification to matters pending before the court of common pleas. While affiant and Judge Grossmann agree that the issues raised in the affidavit of disqualification should be resolved before new proceedings are filed pursuant to R.C. 2151.85, the petition filed by affiant's client in this case has been determined by another judge of the court. As such, there is no cause or matter currently pending before Judge Grossmann to which the allegations contained in the affidavit of disqualification relate. See, *e.g., In re Disqualification of Lile* (June 9, 1989), No. 89–AP–025, unreported. Therefore, it is inappropriate to rule on the issue of Judge Grossmann's disqualification in this matter.

Although affiant and Judge Grossmann seek to have the issue of disqualification resolved in the underlying proceeding, their primary goal appears to be a resolution of this issue as it relates to R.C. 2151.85 proceedings that may come before Judge Grossmann in the future. The more appropriate procedure is to have an affidavit of disqualification filed contemporaneously with the filing of a petition pursuant to R.C. 2151.85. The time provisions set forth in that statute allow sufficient time for a determination to be made on the issue of disqualification and for the petition to be addressed in a timely fashion.

The propriety of Judge Grossmann's service on the board of trustees of CCPC and participation in R.C. 2151.85 proceedings also can be addressed through an advisory opinion from the Board of Commissioners on Grievances and Discipline. Gov.Bar R. V(2)(C) gives the board authority to render opinions on the application of the Code of Judicial Conduct. While the opinion would be nonbinding, it would give affiant and Judge Grossmann additional guidance on the issues raised in this affidavit of disqualification.

For the reasons set forth above, the affidavit of disqualification is moot and, therefore, denied.