IN RE DISQUALIFICATION OF KLIDE.

ENTCOM, INC. ET AL. *v.* VIDEO SAFARI ET AL.

[Cite as *In re Disqualification of Klide* (1995), 74 Ohio St.3d 1270.]

(No. 95–AP–047—Decided April 28, 1995.)

MOYER, C.J.  This affidavit of disqualification was filed by Mark S. Riddle, counsel for plaintiffs, seeking the disqualification of Judge Harry E. Klide from further proceedings in the above-captioned case.

Affiant essentially makes two allegations in support of his claim that Judge Klide is biased and prejudiced in this case.  First, affiant asserts the judge suffers from some physical or mental impairment, resulting from a previous surgery and subsequent recovery, that has caused "aberrant behavior" on the part of Judge Klide and that affects his ability to preside in this case.  Second, affiant claims that Judge Klide has made several rulings in this case that demonstrate a bias and prejudice toward affiant's clients.

In R.C. 2701.11 and 2701.12 and Rules II and III of the Rules for the Government of the Judiciary, the General Assembly and Supreme Court have established a procedure for considering complaints alleging the mental or physical disability of a judge.  If affiant has evidence that demonstrates the existence of a physical or mental impairment that prevents Judge Klide from discharging his judicial duties, he is obligated by the Code of Professional Responsibility to disclose relevant information to the authorities designated in those statutes and rules.  The issue of alleged physical or mental impairment is relevant to this proceeding only if the allegations clearly establish a bias or prejudice in favor of or against a party to this case.  Affiant fails to provide any tangible evidence in support of his claims, other than his subjective perceptions relating to changes in the judge's mood, powers of recall, and temperament.  Even if the allegations are taken as true, there is no evidence that the impairment has resulted in the bias or prejudice that mandates disqualification pursuant to R.C. 2701.03.

The second allegation relates to a series of discovery and other pretrial rulings in this case that affiant claims demonstrate bias and prejudice on the part of

Judge Klide. A judge's rulings of law are subject to appeal, and dissatisfaction or disagreement with those rulings is not, by itself, grounds for disqualification. *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 522 N.E.2d 459.

For these reasons, the affidavit of disqualification is found not well taken and is denied.