Opinion in Chambers, per Moyer, C.J.

**IN RE DISQUALIFICATION OF CREHAN.**

**THE STATE OF OHIO *v*. CENTERS.**

**[Cite as *In re Disqualification of Crehan*, 100 Ohio St.3d 1212, 2002-Ohio-7469.]**

*Judges — Affidavit of disqualification — Affidavit moot when case is pending on docket of another judge — Affidavit of disqualification may not be used to test validity of local rule of court.*

(No. 02-AP-015 — Decided February 7, 2002.)

ON AFFIDAVIT OF DISQUALIFICATION in Butler County Common Pleas Court case No. CR2002010014.

_____

**MOYER, C.J.**

{¶1} This affidavit of disqualification filed by Robin Piper, counsel for plaintiff Tiana Centers, seeks the disqualification of Judge Matthew Crehan from further proceedings regarding the above-captioned matter.

{¶2} A review of the record before me indicates that, after the initial assignment and three subsequent transfers, the underlying case presently is on the docket of a judge other than Judge Crehan. R.C. 2701.03(A) provides, in part, that an affidavit of disqualification may be filed "[i]f a judge of the court of common pleas allegedly is interested in a proceeding pending before the court * * *." This statutory provision was applied in a similar circumstance in *In re Disqualification of Grossmann* (1994), 74 Ohio St.3d 1254, 657 N.E.2d 1356, where the parties sought a ruling on the merits of an affidavit of disqualification

after the underlying case was transferred to the docket of another judge. Since there was no cause pending before Judge Grossmann to which the merits of the affidavit of disqualification related, I concluded that it would be inappropriate to rule on the issue of the judge's disqualification and dismissed the affidavit as moot.

{¶3} Here, the underlying case is no longer pending before Judge Crehan, making it inappropriate for the Chief Justice to rule on the merits of the affidavit of disqualification. Although affiant and the judge contend that the matter is not moot, since the case might once again be transferred to Judge Crehan, a ruling on the merits of the disqualification request under these circumstances would be contrary to the plain language of the statute and the prior holding of *Grossmann*. Moreover, the parties appear to be using this proceeding as a means of testing the validity and respective interpretations of a local rule of court, something that clearly goes beyond the constitutional and statutory authority of the Chief Justice to determine the existence of bias, prejudice, or other disqualifying interest. See Section 5(C), Article IV of the Ohio Constitution and R.C. 2701.03. Should this matter later be reassigned to Judge Crehan, affiant can renew his request for disqualification by filing either a motion for reconsideration or a second affidavit of disqualification.

{¶4} For these reasons, the affidavit of disqualification is moot and is dismissed.

_____