IN RE DISQUALIFICATION OF EVANS.

CITY OF YOUNGSTOWN *v.* GRENGA ET AL.

[Cite as *In re Disqualification of Evans,* 127
Ohio St.3d 1213, 2009-Ohio-7204.]

(No. 09–AP–003—Decided January 28, 2009.)

MOYER, C.J.

{¶ 1} Defendant, Joseph Robert Grenga, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking the disqualification of Judge James C. Evans in case No. 08–CV–388 in the Court of Common Pleas of Mahoning County. Grenga asserts that Judge Evans's assignment to the case "presents a conflict of interest and has all the appearances of impropriety and prejudice." According to Grenga, Judge Evans "did voluntarily recuse himself" but thereafter continued to act in the case. Because of the alleged recusal, Judge Evans assertedly lacked power to refer the case to a new magistrate, and the magistrate lacked authority to conduct a hearing. Accordingly, Grenga asserts that all rulings and judgments in the case "must be voided as a matter of law." Although Grenga alludes to a possible conflict of interest concerning the magistrate who usually works with Judge Evans, he makes no specific allegation of conflict or bias against Judge Evans personally or the magistrate to whom Judge Evans referred the case.

{¶ 2} For the reasons set forth below, I find that Grenga's affidavit does not state a basis for ordering the disqualification of Judge Evans.

{¶ 3} In his affidavit, Grenga alleges that Judge Evans recused himself sua sponte on or before a status conference scheduled for May 8, 2008. Grenga maintains that the judge took that action because of an allegation raised by another party that "a key staff member and magistrate" of the judge, Magistrate Eugene Fehr, had provided legal representation to Grenga some years earlier. In spite of this alleged recusal, Judge Evans entered an order on November 7, 2008, assigning the case to Magistrate Dennis Sarisky for trial. Although the November 7 order recites that the referral enjoyed "unanimous written consent of the parties," Grenga asserts that he did not give his consent to the assignment. Finally, Grenga alleges that neither Judge Evans nor Magistrate Sarisky pos-

sessed authority to conduct further proceedings because of Judge Evans's act of recusal on or before May 8, 2008.

{¶ 4} Judge Evans responded to the affidavit on January 20, 2009, through a letter to which the judge attached a January 13, 2009 judgment entry that recites the course of events. Judge Evans states that he had "suggested a recusal by the Court allowing a visiting judge to hear *all* further matters in the subject litigation" and then referred the matter to the court administrator. (Emphasis sic.) Later, the administrator informed Judge Evans that no visiting judge would be assigned, after which Judge Evans arranged for Magistrate Sarisky, who usually serves a different common pleas judge, to conduct further proceedings. Magistrate Sarisky then held a hearing and issued findings of fact and conclusions of law that the court adopted. According to Judge Evans, no party raised objections during Magistrate Sarisky's conduct of the proceedings.

{¶ 5} A review of the affidavit and of Judge Evans's response makes two points evident. First, the underlying allegation of conflict or bias in this case concerned not Judge Evans himself but rather Magistrate Eugene Fehr. Second, the gravamen of the affidavit lies not in the disqualification of Judge Evans on account of conflict or bias but in the allegation that he and Magistrate Sarisky lacked authority to conduct proceedings in the case.

{¶ 6} As to the first point, I have noted in the past that R.C. 2701.03 cannot be used to disqualify a referee or magistrate. *In re Disqualification of Light* (1988), 36 Ohio St.3d 604, 522 N.E.2d 458. In any event, Judge Evans exercised his sound discretion to appoint a different magistrate in this case, and no allegation of conflict or bias has been advanced against Magistrate Sarisky.

{¶ 7} As to the second point, the affiant's procedural or jurisdictional objection to the referral of the case to Magistrate Sarisky does not state a basis for disqualifying Judge Evans. "An affidavit of disqualification addresses the narrow issue of the possible bias or prejudice of a judge. It is not a vehicle to contest matters of substantive or procedural law * * *." *In re Disqualification of Solovan,* 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Moreover, under Supreme Court case law, a disqualification of Judge Evans at the present time would not retroactively vitiate the order of referral and the actions taken by the magistrate. *Beer v. Griffith* (1978), 54 Ohio St.2d 440, 8 O.O.3d 438, 377 N.E.2d 775. Thus, the relief Grenga ultimately seeks lies beyond the scope of my authority in a disqualification proceeding.

{¶ 8} Finally, it bears repeating that no specific claim of conflict or bias has been advanced as to Judge Evans himself. Accordingly, the affidavit furnishes no basis for disqualifying Judge Evans from deciding whatever objections or motions are still pending before him.

{¶ 9} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Evans.