IN RE DISQUALIFICATION OF HAYES.

TAYLOR *v.* SCANLON.

[Cite as *In re Disqualification of Hayes,* 135 Ohio St.3d 1221,

2012-Ohio-6306.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Request for removal denied—No basis established warranting disqualification.*

(No. 12-AP-102—Decided October 9, 2012.)

ON AFFIDAVIT OF DISQUALIFICATION in Summit County Court of Common Pleas, Domestic Relations Division, Case No. DR-1999-06-1352.

_____

O'CONNOR, C.J.

{¶ 1}  Defendant in the underlying case, Susan I. Hamlin Scanlon, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Jerry Hayes, a retired judge sitting by assignment, from presiding over any further proceedings in case No. DR-1999-06-1352, in the Domestic Relations Division of the Court of Common Pleas of Summit County.

{¶ 2}  Scanlon alleges that Judge Hayes is biased and prejudiced against her.  Specifically, Scanlon alleges that Judge Hayes engaged in ex parte communications with the plaintiff in the underlying case, Gary Taylor, in March 2012 and that Judge Hayes acted as Taylor's "personal advocate" between December 2011 and April 2012 by attempting to vacate a judgment lien that Scanlon obtained in a different court.  Scanlon also alleges that Judge Hayes has "incorrect views" of the parties' financial situations.[1]

_____

1. In addition, Scanlon attempts to "incorporate" allegations she made against Judge Hayes in her previous affidavit of disqualification filed in November 2007.  That affidavit was denied by entry

**{¶ 3}** Judge Hayes has responded in writing to the concerns raised in Scanlon's affidavit. Judge Hayes denies having had any ex parte communication with Taylor and expresses his surprise that Scanlon filed the affidavit because, according to Judge Hayes, he gave Scanlon "everything she asked for" in the parties' recent dispute.

**{¶ 4}** Because Scanlon has failed to identify any matter currently pending before Judge Hayes, there is no basis to order disqualification. R.C. 2701.03(A) reads:

> If a judge of the court of common pleas allegedly is interested in a *proceeding pending before the court*, allegedly is related to or has a bias or prejudice for or against a party to a *proceeding pending before the court* or a party's counsel, or allegedly otherwise is disqualified to preside in a *proceeding pending before the court*, any party to the proceeding or the party's counsel may file an affidavit of disqualification * * *.

(Emphasis added.) Under this language, the chief justice cannot rule on an affidavit of disqualification when the affiant fails to specify what is currently pending before the judge against whom the affidavit is filed. *See*, *e.g.*, *In re Disqualification of Grossmann*, 74 Ohio St.3d 1254, 1255, 657 N.E.2d 1356 (1994) ("[The] language [of the statute] clearly limits the authority of the Chief Justice in determining the existence of interest, bias, prejudice, or disqualification to matters pending before the court of common pleas").

**{¶ 5}** Here, Scanlon admits that the latest dispute with Taylor, over payment of their son's medical expenses, has been "settled," and she

---

of December 6, 2007, and those issues cannot be relitigated in this affidavit-of-disqualification proceeding.

acknowledges that there are no scheduled hearings. Judge Hayes's response confirms that "nothing [is] pending in the case," and prior to the parties' recent dispute regarding payment of their son's medical expenses, there had not been activity in the case for two years. Scanlon nonetheless requests disqualification because Judge Hayes has continuing jurisdiction over the custody action until her daughter turns 18, and so, she claims, there remains a "threat of future repetition of past misconduct."

{¶ 6} Contrary to Scanlon's contention, affidavit-of-disqualification proceedings are not the appropriate vehicle to litigate a judge's alleged past "misconduct," nor may the proceedings be used to remove a judge based on the "threat" of future litigation. The statutory right to seek disqualification of a judge is an extraordinary remedy. *In re Disqualification of Hunter*, 36 Ohio St.3d 607, 522 N.E.2d 461 (1988). Therefore, the chief justice cannot rule on an affidavit of disqualification when, as here, nothing is pending before the trial court. *See, e.g.*, *In re Disqualification of Mason*, No. 11-AP-025 (Mar. 7, 2011) (dismissing affidavit because nothing was pending before trial judge where affiant indicated he would be submitting a motion for injunctive relief in the future); *In re Disqualification of Collier*, No. 11-AP-064 (June 27, 2011) (dismissing affidavit because nothing was pending before trial judge where affiant planned to "soon" file a petition for postconviction relief); *In re Disqualification of Brown,* No. 11-AP-050 (June 2, 2011) (dismissing affidavit because nothing was pending before trial court where judge had sentenced affiant and the sentence had been affirmed on appeal). Should any matter come before Judge Hayes in the future, Scanlon may file another affidavit of disqualification.

{¶ 7} For these reasons, the affidavit of disqualification is denied.

_____