**IN RE DISQUALIFICATION OF RUEHLMAN.**

**THE STATE OF OHIO *v*. SWEETING.**

**[Cite as *In re Disqualification of Ruehlman,* 135 Ohio St.3d 1299,**

**2013-Ohio-1780.]**

*Judges—Affidavit of disqualification—R.C. 2701.03—Affiant failed to identify any*

*matter currently pending before judge against whom affidavit was filed—*

*Affidavit denied.*

(No. 13-AP-022—Decided April 9, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Hamilton County Court of Common Pleas

Case No. B-1203527.

_____

**O'CONNOR, C.J.**

**{¶ 1}** The defendant in the underlying case, Deion L. Sweeting, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Robert P. Ruehlman from presiding over any further proceedings in case No. B-1203527 in the Court of Common Pleas of Hamilton County.

**{¶ 2}** Sweeting alleges that Judge Ruehlman threatened to place an electronic stun belt on him during trial, indicated that his motions would be overruled, and denied him "stand by counsel assistance." As support, Sweeting submitted isolated pages from an undated transcript.

**{¶ 3}** Judge Ruehlman did not specifically respond to the allegations against him. Instead, he submitted the entire June 13, 2012 transcript from which the pages submitted by Sweeting were taken. Judge Ruehlman explains that the entire transcript "puts the excerpts selected by Mr. Sweeting in context."

**{¶ 4}** The transcript shows that Judge Ruehlman informed Sweeting that he would "probably" order that Sweeting wear an "electronic belt" at the trial and

that if Sweeting got "out of hand," he would get "zapped." It is not obvious from the transcript why Judge Ruehlman thought that Sweeting would "probably" wear an electronic belt, and because Judge Ruehlman did not otherwise respond to the allegations against him, the record does not indicate why the judge thought that such a strong warning was justified. "[A] judge's failure to respond to allegations of bias and prejudice may result in the judge's disqualification to avoid the appearance of impropriety." *In re Disqualification of Corrigan*, 94 Ohio St.3d 1234, 1235, 763 N.E.2d 602 (2001). *See also In re Disqualification of Floyd*, 101 Ohio St.3d 1215, 2003-Ohio-7354, 803 N.E.2d 816, ¶ 9 ("statements sworn to by the affiant, and unchallenged by the judge, could suggest to a reasonable person the appearance of impropriety"). Here, Judge Ruehlman's failure to respond to the allegations in the affidavit could have led to his disqualification.

{¶ 5} But despite the judge's omissions, Sweeting has not identified any matter currently pending before Judge Ruehlman, and therefore his affidavit is not well taken. Sweeting vaguely claims that various motions remain pending before the trial court, but he also admits there is "no pending court date." And the common pleas court docket shows that Sweeting appealed his convictions and that his appeal remains pending. "[T]he chief justice cannot rule on an affidavit of disqualification when the affiant fails to specify what is currently pending before the judge against whom the affidavit is filed." *In re Disqualification of Hayes*, 135 Ohio St.3d 1221, 2012-Ohio-6306, 985 N.E.2d 501, ¶ 4.

{¶ 6} For the reasons stated above, the affidavit of disqualification is denied.

_____