IN RE DISQUALIFICATION OF HUNTER.

IN RE T.M.

**[Cite as *In re Disqualification of Hunter,* 137 Ohio St.3d 1201, 2013-Ohio-4467.]**

*Judges—Affidavit of disqualification—Standing to file affidavit of disqualification—For purposes of R.C. 2701.03, certain media entities shall be considered the equivalent to a party in closure proceedings.*

(No. 13-AP-083—Decided September 26, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Hamilton County Court of Common Pleas, Juvenile Division, Case Nos. 12-7285, 12-7305, 12-7308, 12-7279, 12-7288, 12-7306, 12-7278, and 12-7307.

————————————

**O'CONNOR, C.J.**

{¶ 1} Counsel for the Cincinnati Enquirer has filed the affidavit of Jennifer Baker, a reporter for the Enquirer, with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Tracie M. Hunter from hearing and deciding motions to close the above-captioned delinquency proceedings to the public.

{¶ 2} In her affidavit, Baker claims that a May 2013 e-mail from Judge Hunter to the Hamilton County prosecuting attorney demonstrates the judge's belief that Baker "illegally forged" the judge's name on court forms. The e-mail, according to Baker, "demonstrates bias and prejudice" and requires the judge's disqualification from hearing the closure motions.

{¶ 3} Judge Hunter has responded in writing to the allegations in Baker's affidavit, asserting that neither Baker nor the Cincinnati Enquirer has standing under R.C. 2701.03 to request the judge's disqualification. The judge also disclaims any bias towards Baker or the Enquirer.

**{¶ 4}** For the reasons explained below, no basis has been established to order the disqualification of Judge Hunter.

### The Enquirer's standing to file an affidavit of disqualification

**{¶ 5}** Under R.C. 2701.03, "any party to the proceeding or the party's counsel" may file an affidavit of disqualification. In previous affidavit-of-disqualification proceedings, the chief justice has strictly enforced this statutory requirement and has consistently found that individuals who do not qualify as a party or party's counsel do not have standing to file an affidavit of disqualification. *See, e.g.*, *In re Disqualification of Cleary*, 74 Ohio St.3d 1225, 657 N.E.2d 1337 (1990); *In re Disqualification of Haas*, 74 Ohio St.3d 1217, 657 N.E.2d 1331 (1990).

**{¶ 6}** The circumstances here, however, are unique because the media and the public play an important role—and have certain rights—regarding the closure of juvenile-court proceedings. *See, e.g.*, *State ex rel. Plain Dealer Publishing Co. v. Floyd*, 111 Ohio St.3d 56, 2006-Ohio-4437, 855 N.E.2d 35, ¶ 46 ("We have held that the press and the general public have standing to contest the closure of a juvenile court proceeding"); *id.* ("under the current version of Juv.R. 27(A)(1), persons—including the public and the press—have a right to present evidence at a closure hearing to show a 'countervailing right to be present' at a juvenile court proceeding"); *id.* at ¶ 47 (" 'representatives of the press and general public "must be given the opportunity to be heard on the question of exclusion" ' "), quoting *Globe Newspaper Co. v. Superior Court for Norfolk Cty.,* 457 U.S. 596, 609, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982), fn. 25, quoting *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 401, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979) (Powell, J., concurring); *State ex rel. Dispatch Printing Co. v. Geer*, 114 Ohio St.3d 511, 2007-Ohio-4643, 873 N.E.2d 314, ¶ 20 (prohibiting enforcement of a juvenile-court judge's media restriction that was issued "without

allowing all parties affected to have the opportunity to respond to the possibility of a restriction").

{¶ 7} Given this precedent—along with the fact that the Enquirer has filed objections to the pending closure motions and has entered an appearance for the hearing—the Enquirer and other similarly situated media entities shall be considered the equivalent to a party in the closure proceedings for purposes of R.C. 2701.03. Therefore, the Enquirer has standing to file an affidavit of disqualification under these limited circumstances.

### Merits of the affidavit of disqualification

{¶ 8} R.C. 2701.03(B)(1) requires an affiant to set forth "specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations." *See also In re Disqualification of Mitrovich*, 101 Ohio St.3d 1214, 2003-Ohio-7358, 803 N.E.2d 816, ¶ 4 ("An affidavit must describe with specificity and particularity those facts alleged to support the claim of bias or prejudice"). The Enquirer has set forth only one specific allegation of bias: that "Judge Hunter's May 1 e-mail demonstrates that she has concluded [that Baker] illegally forged [the judge's] name, despite clear evidence to the contrary," which "demonstrates bias and prejudice such that Judge Hunter should be disqualified from presiding over the hearings on the Closure Motions."

{¶ 9} "The term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " *In re Disqualification of O'Neill*, 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). In addition, a "presumption of impartiality" is "accorded all judges" in affidavit-of-

disqualification proceedings. *In re Disqualification of Celebrezze*, 101 Ohio St.3d 1224, 2003-Ohio-7352, 803 N.E.2d 823, ¶ 7.

{¶ 10} Here, Baker claims that while she was completing the juvenile court's media-access application, an unidentified court employee advised her to write the name of the judge on the form. As a result, Baker printed Judge Hunter's name on the signature line of three applications. Judge Hunter later e-mailed the prosecutor, accusing Baker of forgery, even though Baker claims that there was "clear evidence to the contrary." In response, Judge Hunter asserts that she reported Baker to the prosecutor "not due to bias, but due to her judiciary obligation to report conduct of concern regarding Ms. Baker's affixing Judge Hunter's name to the signature line of the media application." According to Judge Hunter, "no other reporter or any other media outlet, including the Cincinnati Enquirer" affixed names to the judge's signature line on the application form. Judge Hunter further avers that she does not personally know Baker, that she did not vigorously pursue Baker's prosecution, that she has not demonstrated any bias against Baker or the Enquirer, and that she will treat all litigants fairly and impartially.

{¶ 11} On this record, the Enquirer has not conclusively established that Judge Hunter's e-mail demonstrates bias or prejudice against Baker or the Enquirer. Specifically, the record reveals that Judge Hunter discovered Baker's applications on May 1, 2013, and that the judge e-mailed the prosecutor the same day. While Baker alleges that Judge Hunter accused her of forgery "despite clear evidence to the contrary," Baker has not further explained the nature of this "clear evidence" or how the judge was allegedly aware of this "clear evidence" at the time she e-mailed the prosecutor. "[V]ague, unsubstantiated allegations of the affidavit are insufficient on their face for a finding of bias or prejudice." *In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988); *see also In re Disqualification of Flanagan*, 127 Ohio St.3d 1236, 2009-Ohio-7199, 937

N.E.2d 1023, ¶ 4 ("Allegations that are based solely on hearsay, innuendo, and speculation—such as those alleged here—are insufficient to establish bias or prejudice").

{¶ 12} In conclusion, "[t]he statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. The record does not include sufficiently compelling evidence to overcome these presumptions.

{¶ 13} For the reasons stated above, the affidavit of disqualification is denied. The cases may proceed before Judge Hunter.

————————————