IN RE DISQUALIFICATION OF GRENDELL.

IN RE R.S.

[Cite as *In re Disqualification of Grendell,* 137 Ohio St.3d 1220,

2013-Ohio-5243.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Individuals who do not*
*qualify as a "party" or "party's counsel" do not have standing to file an*
*affidavit of disqualification.*

(No. 13-AP-098—Decided October 8, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Geauga County Court of Common Pleas,

Juvenile Division, Case No. 13-JF-000284.

_____

**O'CONNOR, C.J.**

{¶ 1} Carol Catalano has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Timothy J. Grendell from presiding over any further proceedings in case No. 13-JF-000284, a child-neglect case pending in the Juvenile Division of the Court of Common Pleas of Geauga County.

{¶ 2} Catalano is the maternal grandmother of R.S. and claims that Judge Grendell has shown favoritism towards the paternal grandparents. However, according to Catalano's affidavit, Judge Grendell denied Catalano's motion to intervene in the underlying case, concluding that she has no standing in the matter. Under R.C. 2701.03(A), an affidavit to disqualify a judge may be filed by "any party to the proceeding or the party's counsel." In previous affidavit-of-disqualification cases, the chief justice has strictly enforced this statutory requirement and consistently found that individuals who do not qualify as a "party" or "party's counsel" do not have standing to file an affidavit of

disqualification. *See, e.g.*, *In re Disqualification of Cleary*, 74 Ohio St.3d 1225, 657 N.E.2d 1337 (1990); *In re Disqualification of Haas*, 74 Ohio St.3d 1217, 657 N.E.2d 1331 (1990).

{¶ 3} Because Catalano has not demonstrated that she is a party to the underlying case, she is not one of the persons who may file an affidavit of disqualification.

{¶ 4} Accordingly, Catalano's affidavit of disqualification is dismissed. The case may proceed before Judge Grendell.

————————————————