IN RE DISQUALIFICATION OF HORTON.

LAWTON *v*. HOWARD.

[Cite as *In re Disqualification of Horton,* 137 Ohio St.3d 1236,

2013-Ohio-5761.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Disqualification not warranted when affiant has failed to identify a matter pending before the judge—Affidavit denied.*

(No. 13-AP-106—Decided October 29, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Franklin County Court of Common Pleas Case No. 12-CV-005403.

_____

**O'CONNOR, C.J.**

**{¶ 1}** Plaintiff Norman H. Lawton has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Timothy S. Horton from presiding over any further proceedings in case No. 12-CV-005403 in the Court of Common Pleas of Franklin County.

**{¶ 2}** Lawton alleges that Judge Horton abused his discretion by dismissing Lawton's case on jurisdictional grounds. Lawton further states that on October 16, 2013, he appealed Judge Horton's decision, and therefore there is a "possibility" that the case may be remanded to Judge Horton.

**{¶ 3}** Under R.C. 2701.03(A), the chief justice's statutory authority to order disqualification of judges extends only to those matters in which "a proceeding [is] pending before the court." Thus, "the chief justice cannot rule on an affidavit of disqualification when * * * nothing is pending before the trial court." *In re Disqualification of Hayes*, 135 Ohio St.3d 1221, 2012-Ohio-6306, 985 N.E.2d 501, ¶ 6; *see also In re Disqualification of Grossmann*, 74 Ohio St.3d

1254, 1255, 657 N.E.2d 1356 (1994) ("[The] language [of the statute] clearly limits the authority of the Chief Justice in determining the existence of interest, bias, prejudice, or disqualification to matters pending before the court of common pleas"). Here, Lawton admits that he appealed Judge Horton's entry dismissing the underlying case and that his appeal is pending in the court of appeals. Because Lawton has failed to identify any matter currently pending before the judge against whom the affidavit was filed, there is no basis to order disqualification under R.C. 2701.03.

{¶ 4} Lawton's affidavit of disqualification is therefore denied.

_____