IN RE DISQUALIFICATION OF SUTULA.

DEUTSCHE BANK TRUST COMPANY *v.* WILLIAMS.

[Cite as *In re Disqualification of Sutula,*
143 Ohio St.3d 1244, 2015-Ohio-2822.]

(No. 15–AP–032—Decided April 17, 2015.)

———————

O'CONNOR, C.J.

{¶ 1} Defendant Christopher S. Barksdale has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Kathleen Ann Sutula from presiding over any further proceedings in case No. CV–04–547780 in the Cuyahoga County Court of Common Pleas.

{¶ 2} The chief justice's authority to order the disqualification of judges under R.C. 2701.03(A) applies only when a "proceeding [is] pending before the court." Accordingly, it is well settled that "the chief justice cannot rule on an affidavit of disqualification where * * * nothing is pending before the trial court." *In re Disqualification of Hayes,* 135 Ohio St.3d 1221, 2012-Ohio-6306, 985 N.E.2d 501, ¶ 6. Here, Barksdale has failed to identify any matter currently pending before Judge Sutula, and the case docket does not indicate that anything is pending.

{¶ 3} Additionally, it appears that Barksdale's affidavit is an attempt to disqualify the justices of the Supreme Court from considering the pending motions in Supreme Court case No. 2014–1868, a case he filed in this court. R.C. 2701.03, however, does not authorize the chief justice to remove justices from pending cases. Requests for recusal of the chief justice or any justice of the Supreme Court are addressed in S.Ct.Prac.R. 4.04.

{¶ 4} For the reasons stated above, the affidavit of disqualification is dismissed.