IN RE DISQUALIFICATION OF GORMAN.

STATE *v.* THOMPSON.

[Cite as *In re Disqualification of Gorman,*
144 Ohio St.3d 1249, 2015-Ohio-3433.]

(No. 15–AP–034—Decided May 1, 2015.)

O'CONNOR, C.J.

{¶ 1} Defendant, Craig A. Thompson, and his counsel, Thomas A. Hansen, have filed affidavits with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Barbara P. Gorman from presiding over any further proceedings in case No. 2013–CR–377/2 in the Montgomery County Court of Common Pleas.

{¶ 2} Hansen claims that at a June 2014 pretrial conference, Judge Gorman stated, "I'm going to get you," in an angry and "mean-faced" manner after Hansen had informed her that he intended to file a motion that would further delay the scheduled trial date. Both Thompson—who was not present when the comment was made—and Hansen aver that the judge's comment shows that she is biased against them.

{¶ 3} Judge Gorman has responded in writing to the affidavits, stating that she has not acted unfairly toward affiants and requesting that the affidavits be denied. Judge Gorman "categorically den[ies]" making any such statement to Hansen at the June 2014 pretrial conference or at any other time. In addition, Judge Gorman has submitted an affidavit from the assistant prosecutor who was present for the pretrial conference. The assistant prosecutor averred that he did not hear Judge Gorman threaten Hansen.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Gorman.

{¶ 5} First, under R.C. 2701.03(A), the chief justice's statutory authority to order disqualification of judges extends only to those matters in which "a proceeding [is] pending before the court." Thus, "the chief justice cannot rule on an affidavit of disqualification when * * * nothing is pending before the trial court." *In re Disqualification of Hayes,* 135 Ohio St.3d 1221, 2012-Ohio-6306, 985 N.E.2d 501, ¶ 6. Hansen acknowledges that he filed an appeal of the underlying case, which is pending in this court. Because affiants have not identified any matter currently pending before the judge against whom the affidavit was filed, there is no basis to order disqualification. *See In re Disqualification of Horton,* 137 Ohio St.3d 1236, 2013-Ohio-5761, 1 N.E.3d 413, ¶ 3.

{¶ 6} Second, even if the case were currently pending before Judge Gorman, affiants have not set forth sufficient grounds for disqualification. The disqualification of a judge is an extraordinary remedy. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Here, the record contains conflicting statements and affidavits regarding whether Judge Gorman made this alleged comment to Hansen. "Typically, such conflicting evidence is insufficient to overcome the presumption of a judge's impartiality." *In re Disqualification of Burge,* 136 Ohio St.3d 1205, 2013-Ohio-2726, 991 N.E.2d 237, ¶ 5. *See In re Disqualification of Synenberg,* 127 Ohio St.3d 1220, 2009-Ohio-7206, 937 N.E.2d 1011, ¶ 25 ("in the wake of the conflicting stories presented here, I cannot conclude that the judge should be removed * * * "); *In re Disqualification of Corrigan,* 105 Ohio St.3d 1243, 2004-Ohio-7354, 826 N.E.2d 302, ¶ 8 ("In the wake of the conflicting stories presented by the various affiants, however, I cannot conclude that the judge is clearly biased and prejudiced * * * "). Thus, based on this record, Hansen's and Thompson's affidavits are insufficient to overcome the presumption that Judge Gorman is fair and impartial.

{¶ 7} Accordingly, the affidavits of disqualification are denied. The case may proceed before Judge Gorman.