IN RE DISQUALIFICATION OF GAUL.

STATE *v*. EVANS.

[Cite as *In re Disqualification of Gaul,* ___ Ohio St.3d ___, 2015-Ohio-3929.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Affiant lacks standing—*
*Disqualification denied.*

(No. 15-AP-046—Decided June 9, 2015.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga Court of Common Pleas Case
No. CR-15-593828-A.

_____

**O'CONNOR, C.J.**

{¶ 1} Attorney Michael Wolpert has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Daniel Gaul from presiding over any further proceedings in case No. CR-15-593828-A in the Cuyahoga County Court of Common Pleas.

{¶ 2} Wolpert filed the affidavit after Judge Gaul issued entries removing Wolpert as defendant's attorney in the underlying case, appointing the public defender's office to represent defendant, and barring Wolpert from appearing in his courtroom until Wolpert "clearly demonstrates to the Court that he is receiving effective Mental Health Services."

{¶ 3} Judge Gaul has responded in writing to the affidavit, explaining that due to a series of recent events, he has concluded that Wolpert is currently unfit to practice law and unable to provide effective assistance to his clients. Therefore, the judge barred Wolpert from appearing in his courtroom.

{¶ 4} The Code of Judicial Conduct, however, sets forth the appropriate channels through which a judge may initiate corrective action regarding an attorney who the judge believes has a mental impairment or is unfit to practice

law. Specifically, Jud.Cond.R. 2.14(A) provides that if a judge reasonably believes that the performance of a lawyer is impaired "by a mental, emotional, or physical condition," the judge "shall take appropriate action, which may include a confidential referral to a lawyer or judicial assistance program." Similarly, Jud.Cond.R. 2.15(B) provides that if a judge knows that a lawyer has committed a violation of the Ohio Rules of Professional Conduct that raises a question regarding the lawyer's "honesty, trustworthiness, or fitness as a lawyer in other respects," the judge "shall inform" the appropriate disciplinary authority. Barring an attorney from practicing in a judge's courtroom is not an appropriate substitute for either referring the attorney to an assistance program or initiating the bar-complaint process.

{¶ 5} Moreover, a trial court's blanket ban on an attorney's practicing before the court generally violates this court's exclusive jurisdiction over attorney-disciplinary matters. *See* Ohio Constitution, Article IV, Section 2(B)(1)(g); *Melling v. Stralka*, 12 Ohio St.3d 105, 465 N.E.2d 857 (1984). "To permit each of the trial and appellate courts to establish rules that generally limit the ability of attorneys to practice their profession, or that impose specific disciplinary standards upon the attorneys of this state, certainly would frustrate the purpose behind the Supreme Court's constitutionally authorized governance of the bar." *Id.* at 107; *see also State ex rel. Buck v. Maloney*, 102 Ohio St.3d 250, 2004-Ohio-2590, 809 N.E.2d 20, ¶ 11 (a probate court judge lacks authority to bar an attorney from practicing law in all future cases before the probate court); *Catholic Social Servs. of Cuyahoga Cty. v. Howard*, 106 Ohio App.3d 615, 620, 666 N.E.2d 658 (8th Dist.1995) (a trial court's order barring an attorney from practicing law before the court "conflicts with the exclusive power of the Supreme Court of Ohio to govern the practice of law"); *State ex rel. Jones v. Stokes*, 49 Ohio App.3d 136, 551 N.E.2d 220 (8th Dist.1989) (a court's order imposing a continuing restriction on an attorney's ability to practice in that court

is the "type of usurpation of jurisdiction by an inferior court which necessitates relief in prohibition").

{¶ 6} Notwithstanding Judge Gaul's troubling conduct, however, Wolpert's affidavit must be dismissed. Under R.C. 2701.03(A), an affidavit to disqualify a judge may be filed by "any party to the proceeding or the party's counsel." As explained in previous disqualification matters, "the chief justice has strictly enforced this statutory requirement and consistently found that individuals who do not qualify as a 'party' or 'party's counsel' do not have standing to file an affidavit of disqualification." *In re Disqualification of Grendell*, 137 Ohio St.3d 1220, 2013-Ohio-5243, 999 N.E.2d 681, ¶ 2; *In re Disqualification of Cleary*, 74 Ohio St.3d 1225, 657 N.E.2d 1337 (1990). Here, Judge Gaul removed Wolpert as counsel in the underlying case and assigned the public defender's office to represent defendant. Because Wolpert is no longer counsel in the case, he is not one of the persons who may file an affidavit of disqualification.

{¶ 7} Accordingly, although Wolpert may have other remedies for his legal claims, he lacks standing to file an affidavit of disqualification under R.C. 2701.03. The affidavit is therefore dismissed.

————————————————