IN RE DISQUALIFICATION OF BROWN ET AL.

MACK TRUCKS, INC. *v.* MOTOR VEHICLE DEALERS BOARD ET AL.

2016-Ohio-8571.]

(No. 16–AP–023—Decided April 7, 2016.)

O'CONNOR, C.J.

{¶ 1} Daniel Karon, counsel for Toledo Mack Sales & Service, Inc., has filed an affidavit with the clerk of this court under R.C. 2501.13 and 2701.03 seeking to disqualify Judge Susan Brown and Judge Patrick McGrath, who is now retired, from the above-captioned case.

{¶ 2} The Tenth District Court of Appeals decided the matter on June 1, 2006. *See Mack Trucks, Inc. v. Motor Vehicle Dealers Bd.*, 10th Dist. Franklin No. 05AP–768, 2006-Ohio-2748, 2006 WL 1495122. This court declined to accept jurisdiction on October 18, 2006. *See* 111 Ohio St.3d 1433, 2006-Ohio-5351, 855 N.E.2d 497. In his affidavit of disqualification, Karon claims that while the case was pending before the court of appeals, Judge Brown and Judge McGrath failed to disclose significant political relationships with the law firm representing appellant, Mack Trucks, Inc. As a remedy, Karon requests the appointment of a new appellate panel to rehear the underlying matter.

{¶ 3} The relief Karon seeks, however, lies beyond the scope of an affidavit of disqualification. First, the chief justice's statutory authority to order disqualification of judges extends only to those matters in which a proceeding is "pending." *See* R.C. 2501.13 and 2701.03. Accordingly, "the chief justice cannot rule on an affidavit of disqualification when * * * nothing is pending before the * * * court." *In re Disqualification of Hayes*, 135 Ohio St.3d 1221, 2012-Ohio-6306, 985 N.E.2d 501, ¶ 6. Here, Karon admits that the "underlying matter is no longer pending before the court of appeals." Indeed, nothing has been pending for almost ten years. Thus, there is no statutory basis to order disqualification of any judge in this case. *See In re Disqualification of Horton*, 137 Ohio St.3d 1236, 2013-Ohio-5761, 1 N.E.3d 413, ¶ 3.

{¶ 4} Second, "[t]he constitutional and statutory responsibility of the Chief Justice in ruling on an affidavit of disqualification is limited to determining whether a judge in a pending case has a bias, prejudice, or other disqualifying interest that mandates the judge's disqualification from that case." *In re Disqualification of Kate*, 88 Ohio St.3d 1208, 1209–1210, 723 N.E.2d 1098 (1999). Karon presumes that disqualification of Judge Brown or Judge McGrath would also result in a new panel appointment to rehear the underlying appeal. However, disqualification of either judge at the present time would not retroactively vitiate or void the Tenth District's 2006 judgment. *See In re Disqualification of*

*Evans,* 127 Ohio St.3d 1213, 2009-Ohio-7204, 937 N.E.2d 1006, ¶ 7; *Beer v. Griffith,* 54 Ohio St.2d 440, 442, 377 N.E.2d 775 (1978).

{¶ 5} Accordingly, the affidavit of disqualification is dismissed.