IN RE DISQUALIFICATION OF HORTON.

SIX *v.* GAHANNA TRAILER SERVICES.

2016-Ohio-8594.]

(No. 16–AP–043—Decided June 21, 2016.)

O'CONNOR, C.J.

{¶ 1} Raymond Eichenberger has filed an affidavit with the clerk of this court under R.C. 2501.13 seeking to disqualify Judge Timothy S. Horton from participating in the above-captioned case. At the time Eichenberger filed his affidavit, he represented the plaintiff-appellant in the case.

{¶ 2} Eichenberger claims that Judge Horton is biased against him because the judge allegedly made defamatory comments about Eichenberger in an unrelated case.

{¶ 3} Judge Horton has responded in writing to the affidavit, denying that he made any false statements about Eichenberger and also denying that he has any bias against him.

{¶ 4} For the reasons explained below, no basis exists to decide Eichenberger's bias claim at this time.

{¶ 5} First, after Eichenberger filed his affidavit of disqualification, this court suspended his law license for two years, with the second year stayed and his reinstatement to the practice of law subject to a condition. *See Disciplinary Counsel v. Eichenberger,* 146 Ohio St.3d 302, 2016-Ohio-3332, 55 N.E.3d 1100. Eichenberger's affidavit of disqualification is based primarily on Judge Horton's alleged personal bias against Eichenberger—not the plaintiff-appellant. However, on June 14, 2016, Eichenberger was prohibited from appearing on behalf of any client before any court in this state for at least one year. Thus, because Eichenberger can no longer serve as counsel in the underlying case, there is no reason to decide his claim of judicial bias.

{¶ 6} Second, it is well established that the chief justice's statutory authority to order disqualification of judges extends only to those matters in which a proceeding is "pending" before the judge against whom the affidavit was filed. R.C. 2701.13; *In re Disqualification of Hayes*, 135 Ohio St.3d 1221, 2012-Ohio-6306, 985 N.E.2d 501, ¶ 6. Both Eichenberger's affidavit and Judge Horton's response indicate that an appellate panel has not yet been assigned to hear the underlying appeal. At this point, the matter is not "pending" before Judge Horton, and therefore Eichenberger's affidavit of disqualification is also not ripe for consideration.

{¶ 7} The affidavit of disqualification is dismissed.