O'Connor, C.J.
*1259 {¶ 1} Plaintiff Robert Thompson has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify *280 Judge Everett Krueger and Judge David Gormley from presiding over Mr. Thompson's legal-malpractice case against Bingham Greenebaum Doll, L.L.P. ("Bingham"), pending in the Delaware County Court of Common Pleas. *1260 {¶ 2} Mr. Thompson claims that Judge Krueger has a conflict of interest because he presided over a prior matter in which Bingham allegedly provided negligent representation to Mr. Thompson's father, plaintiff Barry Thompson. Mr. Thompson alleges that Judge Gormley has a conflict because he is currently presiding over a collections matter involving some of the same parties.
{¶ 3} For the reasons explained below, no basis has been established to order the disqualification of Judge Krueger or Judge Gormley.
{¶ 4} Mr. Thompson first asserts that Judge Krueger should be removed because he "ignored the law and the facts" in the previous case involving Barry Thompson and that by presiding over the underlying malpractice action, he will be "hearing an appeal of his own rulings" from that prior matter. It is well established, however, that "[a] judge's rulings of law are subject to appeal, and dissatisfaction or disagreement with those rulings is not, by itself, grounds for disqualification." In re Disqualification of Klide , 74 Ohio St.3d 1270, 1271, 657 N.E.2d 1366 (1995). Further, Mr. Thompson has failed to sufficiently explain why the underlying malpractice case will require review of Judge Krueger's legal rulings in the prior matter. Therefore, Mr. Thompson's allegation here does not support Judge Krueger's removal.
{¶ 5} Mr. Thompson next claims that because Judge Krueger presided over the previous case, he "is a witness to attorneys violating their legal ethics." The Code of Judicial Conduct requires a judge to disqualify himself or herself from any proceeding in which the judge has "personal knowledge of facts that are in dispute" or if the judge is "[l]ikely to be a material witness in the proceeding." Jud.Cond.R. 2.11(A)(1) and (A)(2)(d). Under this rule, there could be circumstances in which a judge should not preside over a legal-malpractice case involving alleged attorney misconduct occurring before that judge. The record here, however, does not establish that Judge Krueger has personal knowledge of disputed facts in the malpractice action or that he will be a material witness in that proceeding.
{¶ 6} Specifically, in his affidavit of disqualification, Mr. Thompson avers that Bingham committed malpractice in three separate matters involving the Thompsons: (1) intellectual-property services regarding two inventions, (2) representation in a Kentucky case, and (3) representation in the Delaware County case. As to the Delaware County case, Mr. Thompson states that on August 17, 2015, he and his father engaged Bingham to replace their former counsel and the following day, a Bingham lawyer filed notices of appearance. Mr. Thompson avers, however, that the Bingham lawyer "then proceeded to do nothing but harm our cases." That is, after filing the notice of appearance, the Bingham lawyer "failed to ask the Court for any time to operate on Barry Thompson's behalf," then "made no filings in the case for Barry" and told Mr. Thompson that "it was illegal for *1261 [counsel] to make any motions in that case." Less than two weeks later, Judge Krueger entered summary judgment against the Thompsons' interests, and according to Mr. Thompson, the Bingham lawyer told him that "it was illegal for him to appeal the summary judgment." Thus, pursuant to Mr. Thompson's sworn statements, Bingham filed only a notice of appearance in the Delaware County case and never actually appeared *281 in Judge Krueger's courtroom or had any other interaction with him.
{¶ 7} More importantly, Judge Krueger submitted his own affidavit in response to Mr. Thompson's affidavit of disqualification. In the judge's sworn statement, he avers that he does not know Robert or Barry Thompson and that he has no recollection of the previous Delaware County case.
{¶ 8} Based on this record, there is no reason to remove Judge Krueger. To be sure, if the judge later concludes that he has personal knowledge of disputed facts in the underlying malpractice case or that he is likely to be a material witness, he must disqualify himself, as Jud.Cond.R. 2.11(A) directs. "Every litigant is entitled to have his or her case decided by a judge who can approach the case in an objective and impartial manner * * *." In re Disqualification of Matia , 135 Ohio St.3d 1246, 2012-Ohio-6343, 986 N.E.2d 8, ¶ 11. But at this point, Mr. Thompson has not established that Judge Krueger has any personal knowledge about Bingham's alleged misconduct or that he is likely to be a material witness in this proceeding.
{¶ 9} Finally, because the underlying case is pending before Judge Krueger, it would be inappropriate to rule on the issue of Judge Gormley's potential disqualification. See In re Disqualification of Hayes , 135 Ohio St.3d 1221, 2012-Ohio-6306, 985 N.E.2d 501, ¶ 4-7 ; In re Disqualification of Grossmann , 74 Ohio St.3d 1254, 1255-1256, 657 N.E.2d 1356 (1994).
{¶ 10} For these reasons, the affidavit of disqualification is denied. The case may proceed before Judge Krueger.