O'Connor, C.J.
*1211 {¶ 1} Sharde Perkins has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 and 2701.031 seeking to disqualify Judge Richard Kubilus from presiding over any further proceedings in three cases: (1) a 2014 traffic case, (2) a 2017 traffic case, and (3) a 2018 criminal case.
{¶ 2} Ms. Perkins alleges that Judge Kubilus has a conflict of interest and is biased against her. Judge Kubilus has responded in writing to the affidavit and affirms that he has the ability to remain fair and impartial. For the reasons explained below, there is no statutory basis to order disqualification of Judge Kubilus.
{¶ 3} First, the chief justice's authority to order disqualification of judges extends only to those matters in which "a proceeding [is] pending before the court." R.C. 2701.03(A). "[T]he chief justice cannot rule *6 on an affidavit of disqualification when * * * nothing is pending before the trial court." In re Disqualification of Hayes, 135 Ohio St.3d 1221, 2012-Ohio-6306, 985 N.E.2d 501, ¶ 6. According to Judge Kubilus, Ms. Perkins's 2014 and 2017 traffic cases are closed, and the dockets for those cases do not indicate any pending matters. Therefore, because nothing is pending in the 2014 and 2017 cases, there is no statutory basis to order Judge Kubilus's removal from those matters.
{¶ 4} Second, R.C. 2701.03(A) provides that an affidavit to disqualify a judge may be filed by "any party to the proceeding or the party's counsel." In previous affidavits of disqualification, the chief justice has "strictly enforced this statutory requirement and consistently found that individuals who do not qualify as a 'party' or 'party's counsel' do not have standing to file an affidavit of disqualification." In re Disqualification of Grendell , 137 Ohio St.3d 1220, 2013-Ohio-5243, 999 N.E.2d 681, ¶ 2 ; see also In re Disqualification of Gaul , 144 Ohio St.3d 1202, 2015-Ohio-3929, 41 N.E.3d 420 ; In re Disqualification of Haas , 74 Ohio St.3d 1217, 657 N.E.2d 1331 (1990). Here, Judge Kubilus states that Ms. Perkins is the victim in the 2018 criminal case, and he submitted a copy of the complaint in that matter, which shows that the City of Canton charged another individual with a first-degree misdemeanor. Because Ms. Perkins is not a party to the 2018 case, she is not one of the persons who may file an affidavit under R.C. 2701.03 seeking to disqualify the judge from that case.
{¶ 5} The affidavit of disqualification is therefore denied.