O'Connor, C.J.
*1316 {¶ 1} Plaintiff, Vernon Lee Havens II, has filed an affidavit and an amended affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Steven Beathard from presiding over any further proceedings in the above-referenced cases.
*1317 {¶ 2} Mr. Havens claims that Judge Beathard is biased against him and has a conflict of interest. Judge Beathard has responded in writing to the affidavit and denies any conflict in the underlying cases.
{¶ 3} For the reasons explained below, no basis has been established to order the disqualification of Judge Beathard.
{¶ 4} First, nothing appears pending before the judge in case No. 20170208. According to Mr. Havens, Judge Beathard entered summary judgment in favor of the defendants in case No. 20170208, and Mr. Havens's appeal remains pending. The chief justice will not rule on a disqualification request against a trial-court judge when the case is pending on appeal. See In re Disqualification of Horton , 137 Ohio St.3d 1236, 2013-Ohio-5761, 1 N.E.3d 413. Given that nothing is currently pending before Judge Beathard in case No. 20170208 and given that the case might not return to him, there is no statutory or practical basis to rule on Mr. Havens's affidavit with respect to that case.
{¶ 5} Second, Mr. Havens has failed to establish sufficient grounds to remove Judge Beathard from case No. 20180209. Mr. Havens questions the judge's impartiality based on (1) the judge's adverse legal rulings in case No. 20170208 and (2) the fact that many of the defendants in case No. 20180209 are county and township employees, including an assistant county prosecuting attorney. It is well settled, however, that "[a]dverse rulings, without more, are not evidence that a judge is biased or prejudiced." In re Disqualification of Russo , 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 5. And "alleged errors of law or procedure are legal issues subject to appeal and are not grounds for disqualification." In re Disqualification of Light , 36 Ohio St.3d 604, 522 N.E.2d 458 (1988). If Mr. Havens believes that Judge Beathard erred in case No. 20170208, he may have the opportunity to raise those issues in his pending appeal. But this is not the appropriate forum to determine whether the judge complied with applicable law, and a judge's legal rulings are not evidence of bias.
{¶ 6} In addition, "[j]udges are elected to preside fairly and impartially over a variety of legal disputes, including those involving public officials." In re Disqualification of Villanueva , 74 Ohio St.3d 1277, 1278, 657 N.E.2d 1372 (1995). Judge Beathard states that he routinely hears *200 cases involving local elected officials and county employees without allegations of judicial bias, and Mr. Havens has failed to establish that the judge has any significant personal, professional, or political connection to these particular defendants that would cause an objective observer to question his impartiality. Compare In re Disqualification of Corrigan , 110 Ohio St.3d 1217, 2005-Ohio-7153, 850 N.E.2d 720 (county trial judges disqualified from a case involving a county commissioner who wielded considerable influence over the court's funding and who played a leadership role in local politics). *1318 {¶ 7} Accordingly, the affidavits of disqualification are denied. Case No. 20180209 may proceed before Judge Beathard.