O'Connor, C.J.
*1301 {¶ 1} Defendant, Bryan Fultz, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Nick A. Selvaggio from presiding over any further proceedings in the above-referenced case.
{¶ 2} Mr. Fultz claims that bias or an appearance of bias against him exists because Judge Selvaggio, while he served as county prosecutor, prosecuted Mr. Fultz's 2012 criminal cases. Mr. Fultz further states that at a 2018 hearing in the underlying matter, the judge made a negative comment about the 2012 cases.
{¶ 3} Judge Selvaggio has responded in writing to the affidavit and denies any bias against Mr. Fultz. The judge acknowledges that he was involved in the prosecution of Mr. Fultz's 2012 criminal cases, but the judge notes that the underlying 2018 case involved separate charges. The judge further notes that in June 2018, he entered a final judgment and sentence in the underlying case and that the matter is currently pending in the Second District Court of Appeals.
{¶ 4} Under R.C. 2701.03(A), the chief justice's statutory authority to order disqualification of judges extends only to those matters in which "a proceeding [is] pending before the court." Thus, "the chief justice cannot rule on an affidavit of disqualification when * * * nothing is pending before the trial court." In re Disqualification of Hayes , 135 Ohio St.3d 1221, 2012-Ohio-6306, 985 N.E.2d 501, ¶ 6 ; see also In re Disqualification of Grossmann , 74 Ohio St.3d 1254, 1255, 657 N.E.2d 1356 (1994) ("[The] language [of the statute] clearly limits the authority of the Chief Justice in determining the existence of interest, bias, prejudice, or disqualification to matters pending before the court of common pleas"). Here, both Mr. Fultz and Judge Selvaggio admit that the underlying case is currently pending on appeal. The chief justice will not decide an affidavit of disqualification based merely on the possibility of a remand from the court of appeals. Because Mr. Fultz has failed to identify any matter currently pending before the judge *1302 against whom the affidavit was filed, there is no basis to order disqualification under R.C. 2701.03. In re Disqualification of Horton , 137 Ohio St.3d 1236, 2013-Ohio-5761, 1 N.E.3d 413, ¶ 3.
{¶ 5} The affidavit of disqualification is denied.