THOMAS, APPELLANT, *v.*
CITY OF COLUMBUS ET AL.,
APPELLEES.

(No. 86AP-849—Decided
April 30, 1987.)

*Hugh E. Kirkwood, Jr.,* for appellant.

*Ronald J. O'Brien,* city attorney, and *James D. Viets,* for appellees.

WHITESIDE, J. Plaintiff, Aaron Thomas, appeals from a judgment of the Franklin County Court of Common Pleas and raises a single assignment of error as follows:

"The trial court created reversible error in sustaining defendants' motion for summary judgment."

On December 26, 1985, plaintiff filed suit against the city of Columbus, alleging that the city et al. had demolished a building and personal property contained therein without due notice to plaintiff. The trial court granted summary judgment for the defendants, stating:

"It appears uncontroverted that plaintiff Aaron Thomas is not the owner of the real estate involved and [that] the plaintiff corporation * * * [does] not [have] the capacity to sue as its articles of incorporation were never filed."

The trial court also found that the claims for damage to personal property were barred by the statute of limitations.

In 1978, Aaron Thomas, by quitclaim deed, purchased the subject property, the title to which was placed in the name "Kim-Lynn-Shawn, Inc."

The articles of incorporation necessary to form a corporation named "Kim-Lynn-Shawn" were prepared but never filed.

On December 7, 1983, demolition of a structure on the property purchased by plaintiff was accomplished pursuant to orders of the Columbus Board of Nuisance Abatement following a hearing conducted by the board on September 15, 1982. At the hearing, the board concluded that the structure was a "public nuisance" as defined by Section 4701.01 of the Columbus City Code, and ordered that the nuisance be abated by either the rehabilitation of the structure or by demolition.

The issue is whether summary judgment was appropriate in this case. The appropriate standard of review for an appellate court to follow when reviewing summary judgment is stated in *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 4 O.O. 3d 466, 472, 364 N.E. 2d 267, 274, as follows:

"Civ. R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) is appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."

We find that the statute of limitations does not preclude plaintiff from recovering for loss of personal property.

Plaintiff asserts that his claim for damages for injury to personal property was not barred by the statute of limitations because he did not discover the loss until January 16, 1984, and filed his complaint on December 26, 1985.

Claims for *injury* to personal property are covered by R.C. 2305.10, which provides:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

Ordinarily, the limitations period commences to run when the wrongful act occurs, not when it is discovered by plaintiff, unless the injury does not manifest itself until later. On the other hand, R.C. 2305.09, in pertinent part, requires that:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

"* * *

"(B) For the recovery of personal property, or for taking or detaining it[.]"

Plaintiff seeks to recover damages for personal property taken at the time the building at 215 St. Clair Avenue was razed. Plaintiff does not know what was done with his personal property but presumably it was destroyed in the razing of the building or taken and sold. The taking occurred when defendants entered the land to demolish the building. This taking of personal property is governed by R.C. 2305.09 providing for a four-year statute of limitations period. The personal property was taken on December 7, 1983, and plaintiff filed his complaint on December 26, 1985, well within the four-year period.

We also find that there is a genuine issue of fact as to whether plaintiff is the owner of the real property in question.

In order to determine the owner of the real property known as "215 St. Clair Avenue," and consequently to determine whether plaintiff has standing to sue for damages, the court must decide who or what is "Kim-Lynn-Shawn, Inc.," the name recorded on the deed.

A deed (a writing signed by a grantor whereby title to realty is transferred from one party to another) must be signed by the grantor and acknowledged by the grantor in the presence of two witnesses who shall attest to the signing and subscribe their names. R.C. 5301.01. It is indispensible to the validity of a grant that the grantee be capable of receiving it and that both the grantee and the grantor be persons or entities in being at the time of the grant. *Sloane* v. *McConahy* (1829), 4 Ohio 157, 169.

A corporation may purchase or otherwise acquire property. R.C. 1701.13(F)(1). A corporation comes into being only by compliance with the conditions precedent that are set out by statute. *State, ex rel. Steubenville Gas & Elec. Co.,* v. *Taylor* (1896), 55 Ohio St. 61, 44 N.E. 513. The legal existence of a corporation ordinarily begins with the filing of the articles of incorporation. R.C. 1701.04(E). The legal capacity to sue under R.C. 1701.13(A) is ordinarily dependent upon the legal existence of the corporation.

On its face, Kim-Lynn-Shawn, Inc. appears to be a corporation. However, the articles of incorporation for Kim-Lynn-Shawn, Inc. were not filed either at the time of the signing of the deed or at any later date. Kim-Lynn-Shawn, Inc. was not an existing de jure corporation capable of taking title to property as a corporation and does not now have the capacity to sue as a de jure corporation for damages to the property. On the other hand, it is possible that Kim-Lynn-Shawn, Inc. was, and took title to the property, as a de facto corporation. See *Lucas* v. *Greenville Building & Saving Assn.* (1872), 22 Ohio St. 339, and *Society Perun* v. *Cleveland* (1885), 43 Ohio St. 481, 3 N.E. 357. This presents an issue of fact as well as law.

This does not determine the issue of whether plaintiff, Aaron Thomas, has title to the land and has capacity to sue. As stated in 23 American Jurisprudence 2d (1983) 95, 101, Deeds, Sections 28 and 38, the sometimes stated "general rule" that a deed which names a fictitious person as grantee is void is based on the physical nonexistence of any grantee. However, care must always be taken to distinguish between a deed to a nonexistent being and a deed to a person in existence who is described by an assumed, fictitious, trade, or inaccurate name. Kim-Lynn-Shawn, Inc., may be a trade name or a fictitious name for plaintiff.

A "trade name" is a name used in business or trade to designate the business of the user and to which the user ordinarily asserts a right to exclusive use. R.C. 1329.01(A)(1). A "fictitious name" is a name used in business or trade that is fictitious and that the user has not registered or is not entitled to register as a trade name. R.C. 1329.01(A)(2). A person may register any trade name with the Secretary of State. R.C. 1329.01(B). Any person who does business under a fictitious name and has not registered and does not wish to register the fictitious name as a trade name is required to report the use of the fictitious name to the Secretary of State. R.C. 1329.01(C). R.C. 1329.10(B) requires the reporting of a fictitious name or the registration of a trade name in order to commence or maintain a suit in that name. In addition, upon compliance, an action may be commenced or maintained upon any contracts or transactions entered into prior to compliance. *Id.* It is not possible to ascertain from the record whether Kim-Lynn-Shawn, Inc. is a fictitious name or a trade name.

If Kim-Lynn-Shawn, Inc. is neither a corporation nor a fictitious trade name, Aaron Thomas may be the owner of the land under an assumed

name. Under such a circumstance, he would have standing to sue. This court in *Alston* v. *Alston* (1964), 4 Ohio App. 2d 270, 277, 33 O.O. 2d 311, 315, 212 N.E. 2d 65, 69, stated that, in the case of ambiguity as to the meaning of a quitclaim deed, extrinsic evidence is admissible to show surrounding circumstances and what the parties intended at the time. In addition, conveyances have been determined to be valid when made to a grantee by a certain designation without mention of either his given name or surname. *Irwin's Heirs* v. *Longworth* (1851), 20 Ohio 581. If plaintiff was the living and intended grantee and identifiable as the grantee named, plaintiff is the owner of the land in question.

It is ascertainable from the pleadings, the motion for summary judgment and the response thereto that plaintiff purchased the land at 215 St. Clair Avenue and entered on the deed the words, "Kim-Lynn-Shawn, Inc." as grantee. Reasonable minds can come to more than one conclusion as to the right to sue and summary judgment was erroneously granted. Defendants have not demonstrated that plaintiff has no standing to sue for the loss of the property in question. Genuine issues of material fact remain to be resolved. Accordingly, the assignment of error is well-taken.

For the foregoing reasons, the assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with the law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

STRAUSBAUGH, P.J., and COOK, J., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.