In re Louise JONES, Debtor.

OCWEN Federal Bank,
et al., Plaintiffs,

v.

Louise Jones, Defendant.

No. 01–3112.

United States Bankruptcy Court,
N.D. Ohio.

March 29, 2002.

Marvin K. Jacobs, Toledo, OH, for Latoya Brown, Virginia Louise Brown, and Magdalene Woods.

Gary E. Miesle, Toledo, OH, for Louise Jones.

Paul R. Rosenberger, Cleveland, OH, for Plaintiffs.

## DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

The cause comes before the Court after a Trial on two separate complaints: the Complaint of OCWEN Federal Bank, FSB, et al.; and the Complaint of Magdalene Woods, et al. Both these Complaints seek to have a debt held nondischargeable on the basis that the Debtor allegedly misrepresented her interest in certain real property. In this regard, the specific dispute at issue in both of the Complaints involves the identity of a party named "Louise Jones" who was the grantee of a deed of transfer executed in 1992. As resolution of this matter involved common questions of fact, the Court consolidated, for purposes of the Trial, the herein stated adversary proceedings pursuant to Bankruptcy Rule 7042.

In this case, two individuals claim to be the "Louise Jones" who received title to property located at 3325 Parkwood Avenue in Toledo, Ohio: (1) the Debtor, Louise Jones, who later used her purported title to the property to secure a mortgage now held by the Plaintiff, OCWEN Federal Bank, FSB; and (2) an individual named Virginia Louise Brown, who claims to have gone by the name of Louise Jones for a period of time, and who eventually transferred title to the Parkwood property, by way of a quit-claim deed, to the Plaintiffs, LaToya Brown and Magdalene Woods. As it pertains to the issue of who is the actual "Louise Jones" who received title to the Parkwood property, the Parties submitted to the Court the following stipulations:

On November 20, 1992, a person by the name of Louise Shipman transferred, by way of a general warranty deed, property located at 3325 Parkwood Avenue, Toledo Ohio. The named grantee of this transfer was stated as "LOUISE

JONES, a single woman." Contemporaneous with this transfer, three related documents were also executed: a mortgage in favor of Louise Shipman; a Real Property Conveyance Fee Statement of Value and Receipt; and a Cognovit Note in favor of Louise Shipman. All three of these documents bear a signature stated as "Louise Jones."

On April 23, 1998, Virginia Louise Brown, signing as "Louise Jones," purported to transfer the Parkwood Avenue property, by way of a quit-claim deed, from "Louise Jones" to Latoya Brown and Magdalene Woods. Although recorded the same day, this deed was executed and acknowledged without "LOUISE JONES, single" contained in the acknowledgment. Later, on August 17, 1999, this deed was re-recorded with the language "LOUISE JONES, Single" added to the acknowledgment.

On May 27, 1998, the Debtor executed, on the Parkwood property, an Open–End Mortgage in the amount of $31,500.00 in favor of Residential Money Centers, Inc.; this mortgage was then recorded on June 9, 1998. On June 15, 1998, the Debtor's mortgage was assigned to the Plaintiff, OCWEN Federal Bank who thereafter duly recorded the assignment.

In addition to the above stipulations, the Parties do not controvert the following facts:

On February 5, 2001, the Debtor filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code.

At the time the transfer of property at issue in this case took place, the Debtor was the sister-in-law of both Virginia Louise Brown and Magdalene Woods. The Debtor never lived at the Parkwood property, nor did the Debtor charge anyone rent for living in the property.

In addition, the Debtor never made any improvements to the Parkwood property, nor did the Debtor make any payments in connection with the property— e.g., the Debtor did not pay any insurance, taxes, or utilities at the property. In 1992, when the Parkwood property was sold, the Debtor did not make any form of a down payment on the property.

Magdalene Woods has lived at the Parkwood property with her husband, Willy Woods, since 1993. At the time the Parkwood property was sold to "Louise Jones," Magdalene Woods and her husband were having difficulties with the IRS.

In 1992, the Parkwood property was in not in a habitable condition. Virginia Louise Brown thereafter made improvements to the property so that her sister Magdalene Woods could move in.

Louise Shipman, the grantor of the Parkwood property in 1992, is now deceased.

As it pertains to the 1992 transfer of the Parkwood property, the Debtor and Virginia Brown have presented a very divergent account of events. According to the Debtor, she was asked to travel from Michigan by Virginia Brown and Magdalene Woods for the purpose of attending the closing and becoming the grantee of the Parkwood property. In this regard, the Debtor contends that she, along with Virginia Brown and Magdalene Woods, were in attendance at the closing. The reason given by the Debtor for this arrangement was that both Virginia Brown and Magdalene Woods were having financial difficulties, thus necessitating that she hold title to the property. In particular, the Debtor testified to Magdalene Wood's difficulties with the IRS, and to the fact that Virginia Louise Brown was concerned that if she owned real property, the SSI she

received for her son would be put in jeopardy.

When questioned about the specific events surrounding the closing of the Parkwood property, it became apparent that the Debtor's account of events was not entirely clear. The Debtor, however, remained adamant that she attended the 1992 closing and that the signatures contained on the various closing documents were hers. In support of this position, the testimony of a handwriting expert was elicited who testified that those documents executed contemporaneously with the transfer of the Parkwood property do, in fact, contain the signature of the Debtor, Louise Jones, and not Virginia Louise Brown. When questioned about her ownership interest in the Parkwood property, the Debtor explained that, although she knew that she was holding the property for the benefit of Virginia Brown and Magdalene Woods, she still thought that she had the authority to place a mortgage on the property.

By comparison, Virginia Brown gave an entirely different account of events concerning the 1992 closing on the Parkwood property. In particular, Virginia Brown claims that she was the sole grantee of the Parkwood property. In this regard, Virginia Brown claims that (1) only she, and not the Debtor, was present at the closing of the Parkwood property, and (2) that her signature is contained on those documents executed at the closing of the Parkwood property. In support of this position, Virginia Brown testified that, with respect to those transactions surrounding the Parkwood property, she utilized the name "Louise Jones" because at that time she was dating a man with the last name of Jones. Although this fact was not necessarily controverted, it was shown to the Court that Virginia Brown never used the name "Louise Jones" in any other transac-

tions—e.g., on a driver's license, with tax forms, or with a bank account.

## DISCUSSION

 It is a well-established principle under Ohio law that when an interest in property is transferred by way of a deed, the deed shall operate, so far as is allowed by law, according to the intention of the parties. OHIO JUR.3d., Deeds § 83. As a result, when two or more persons claim to be the named grantee in a deed, only the intended grantee is entitled to take an interest in the property conveyed in the deed. *Thomas v. Columbus*, 39 Ohio App.3d 53, 56, 528 N.E.2d 1274, 1277 (1987). Furthermore, it is axiomatic that a person can only transfer an interest in property if they have an interest greater than or equal to the interest to be transferred. Therefore, in accordance with these principles, resolution as to the identity of the true "Louise Brown" has these two overall implications in this matter: First, if the Debtor was the actual "Louise Jones" who received title to the Parkwood property in 1992, then OCWEN Bank would hold a valid mortgage against the property which, in turn, would moot both Complaints to determine dischargeability as no misrepresentations would have been made by the Debtor. Conversely, if Virginia Brown is the true "Louise Jones" who received title to the Parkwood property in 1992, then LaToya Brown and Magdalene Woods, as the recipients of a quit-claim deed from Virginia Brown, would be the actual owners of the property. Furthermore, their ownership interest in the property would exist free from any claim of OCWEN Bank, as the Debtor would have had no interest in the property in which to convey to OCWEN Bank.

In this case, it is apparent that if the Debtor actually attended the 1992 closing of the Parkwood Property then she must

have been the intended beneficiary of the Parkwood property. Simply put, there would have been no other reason for the Debtor to have attended the 1992 closing other than to receive title to the property as she alleges. Both Virginia Brown and Magdalene Woods, however, strongly contest the Debtor's assertion that she was present at the closing. In support of their respective positions, the Debtor, Virginia Brown and Magdalene Woods all testified very adamantly to their particular account of events. The Court, however, after observing the demeanor of these witnesses, and in considering the self-serving nature of their statements, cannot accord much weight to their testimony. Unfortunately, no other person with first-hand knowledge of the 1992 closing was able to testify in this matter. As a result, this Court is left with entirely secondary evidence to make a determination as to whether the Debtor was, in fact, present at the 1992 closing of the Parkwood property.

Of all the secondary evidence presented in this case, the most relevant concerns the expert testimony pertaining to the Debtor's handwriting. In this regard, this evidence clearly establishes that the Debtor signed the three documents related to the 1992 closing of the Parkwood property. Of course, such evidence does not unequivocally demonstrate that the Debtor was present at 1992 closing as it is possible that the Debtor could have signed these documents sometime after the closing. Nevertheless, it is very difficult for this Court to conceive of any reason (and none was offered) as to why the Debtor would sign closing documents such as a Mortgage to the Parkwood property, a Property Conveyance Statement and a Cognovit Note without being both present at the closing and also under the belief that she was the intended grantee of the Parkwood property. Further lending support to this position is this simple fact: the Court,

after putting the question before the Parties, was offered no viable explanation as to how the Debtor, if she was not actually present at the 1992 closing, came to have knowledge that a person who goes by her name, Louise Jones, held title to the Parkwood property. In sum, it seems a very far stretch that the Debtor, on just the outside chance that Virginia Brown took title to the Parkwood property in the name of "Louise Jones," would decide to obtain a mortgage of over Thirty Thousand dollars ($30,000.00) against the Parkwood property.

To counter these points, Virginia Brown has asserted that she went by the name of "Louise Jones" because at the time the transactions in question took place, she was dating a man with the last name of Jones. The Court, however, simply cannot give any credence to this assertion. This is because, while there is no dispute that Virginia Brown, whose middle name is Louise, dated a man with the last name of Jones, Virginia Brown was not able to produce any evidence that she ever went by the name of "Louise Jones" with respect to any transactions not involving the Parkwood property. Simply put, one would expect that a person who undertakes to use a different name, would thereafter use that new name in more than just an isolated transaction.

Accordingly, for the above stated reasons, the Court is persuaded that the Debtor, and not Virginia Brown, is the actual "Louise Jones" who received title to the Parkwood property in 1992. As such, the Debtor's act of granting a mortgage interest in the Parkwood property to OCWEN Bank did not constitute an act of misrepresentation as is alleged in both of the Complaints to determine dischargeability brought against the Debtor. Notwithstanding, it does seem quite incongruous that the Debtor was able to receive over

Thirty Thousand dollars ($30,000.00) from the Parkwood property without having contributed in any way to the property. However, as the Debtor was the intended transferee of the Parkwood property, both Virginia Brown and Magdalene Woods took their chances by allowing the Debtor to take to title to the Parkwood property. In this regard, considering the financial difficulties that were facing both Virginia Brown and Magdalene Woods, the facts of this case represent a classic "strawman" scenario whereby a third-party purchases property for another in order to conceal the true identity of the real purchaser.

In summary, the Court holds that the Debtor was the actual "Louise Jones" who, in 1992, received title to the property located at 3325 Parkwood Avenue. Therefore, as the true owner of the property, the Debtor was legally entitled to grant a mortgage interest on the property. As a consequence, neither the Plaintiff, OCWEN Federal Bank, FSB, nor the Plaintiffs, Virginia Brown and Magdalene Woods, have a claim for misrepresentation against the Debtor. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Complaint to Determine Dischargeability brought by the Plaintiffs, OCWEN Federal Bank, FSB, and National Land Title Insurance Company, be, and is hereby, DISMISSED.