IN RE DISQUALIFICATION OF MITROVICH.

CITY OF PAINESVILLE ET AL. *v.* CITY OF MENTOR.

[Cite as *In re Disqualification of Mitrovich,*
101 Ohio St.3d 1214, 2003-Ohio-7358.]

(No. 03–AP–010—Decided March 10, 2003.)

MOYER, C.J.

{¶ 1} This affidavit of disqualification was filed by Eli Manos, counsel for defendant city of Mentor, seeking the disqualification of Judge Paul H. Mitrovich from further proceedings in the above-captioned case.

{¶ 2} As grounds for Judge Mitrovich's disqualification, affiant refers to an unrelated 1997 case, *Richard M. Osborne et al. v. City of Mentor.* There, Judge Mitrovich voluntarily recused himself because he and his brother, or a company in which they had an interest, had purchased land from Richard Osborne. However, that transaction occurred more than five years ago and there has not been any further business relationship between Judge Mitrovich or his brother and members of the Osborne family. Further, it is unrefuted that in the case now before Judge Mitrovich, Richard Osborne does not have an interest in any of the property at issue.

{¶ 3} Affiant's second argument for disqualification concerns a 1998 case, *Deborah M. Lane v. City of Mentor,* where affiant again represented the city of Mentor. Affiant claims that in his opinion granting an injunction against the city of Mentor, Judge Mitrovich used "intemperate language" concerning the city of Mentor, and that the court of appeals disapproved of that language in a decision reversing Judge Mitrovich. Although affiant attached the judge's opinion and the court of appeals' decision, affiant did not specify the alleged "intemperate" language, nor did he indicate what he considered to be the appellate court's disapproval of the language. My own review of the court of appeals' opinion reveals no such reference to "intemperate language" in the opinion of the trial court.

{¶ 4} An affidavit must describe with specificity and particularity those facts alleged to support the claim of bias or prejudice. It is not this court's duty to

speculate as to what language the affiant considers "intemperate" or where the appellate court "disapproved" of the trial judge's language.

{¶ 5} For the foregoing reasons, the affidavit of disqualification is found not well taken and is denied. The cause shall continue before Judge Mitrovich.