[Cite as *Woods v. Marcano*, 2018-Ohio-4324.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 106710, 106711 and 106712

---

### DOUG WOODS D.B.A. WHAT A LOVELY HOME

#### PLAINTIFF-APPELLANT

vs.

### CIERA MARCANO, ET AL.

#### DEFENDANTS-APPELLEES

---

**JUDGMENT:**
REVERSED; REMANDED

---

Civil Appeal from the
Garfield Heights Municipal Court
Case Nos. CVG1702100, CVG1702342 and CVG1703011

**BEFORE:**  E.A. Gallagher, A.J., E.T. Gallagher, J., and Jones, J.

**RELEASED AND JOURNALIZED:**  October 25, 2018

**ATTORNEY FOR APPELLANT**

Jazmine R. Greer
4208 Prospect Avenue
Cleveland, Ohio 441143


**ATTORNEY FOR APPELLEE MONIQUE WILLIS**

Brian W. Sharkin
Law Office of Brian W. Sharkin
P.O. Box 770824
Lakewood, Ohio 44107

**FOR APPELLEE CIERA MARCANO**

Ciera Marcano, pro se
495 Janette Drive
Richmond Heights, Ohio 44143

**FOR APPELLEE ANNETTE KELLOM**

Annette Kellom, pro se
5250 Theodore Street
Maple Heights, Ohio 44137

EILEEN A. GALLAGHER, A.J.:

{¶1} This appeal involves three separate eviction actions plaintiff-appellant Doug Woods, d.b.a. What a Lovely Home ("Woods"), filed in the Garfield Heights Municipal Court against defendant-appellees Ciera Marcano (Appeal No. 106710), Annette Kellom (Appeal No. 106711) and Monique Willis (Appeal No. 106712). In each case, the trial court dismissed Woods' claims for damages on the ground that Woods "was not the owner of the subject property" and the

property was "titled in a fictitious name." For the reasons that follow, we reverse the trial court's judgment in each of these cases and remand the matters for further proceedings.

**Factual and Procedural Background**

{¶2} In July 2017, Woods, pro se, filed a forcible entry and detainer action (Garfield Heights M.C. No. CVG1702100) to evict Willis from a house on Brunswick Avenue in Maple Heights, Ohio (the "Brunswick Avenue property") and to recover damages for "unauthorized persons living at property," "unauthorized change of locks," "destruction of property" and "non-payment of water bill" (the *"Willis* case"). In August 2017, Woods, pro se, filed a forcible entry and detainer action (Garfield Heights M.C. No. CVG1702342) to evict Kellom from a house on Theodore Street in Maple, Heights, Ohio (the "Theodore Street property") and to recover damages for "non-payment of utilities" and "destruction of property" (the "*Kellom* case"). In each case, the parties reached an agreement regarding restitution of the premises and hearings were set on Woods' claims for damages.

{¶3} A hearing was scheduled in September 2017 in the *Willis* case. At the hearing, Willis raised the issue of whether What A Lovely Home was a legal entity that could hold title to real property and sue and be sued. Willis asserted that she had wanted to file a counterclaim but could not do so because What A Lovely Home was a fictitious name. The magistrate continued the hearing and ordered the parties to brief the issue.

{¶4} On September 22, 2017, Willis filed a motion to dismiss Woods' damages claim on the ground that What a Lovely Home was not a legal entity. Willis asserted that because What A Lovely Home was a fictitious entity, the deed granting title to the Brunswick Avenue property to

What A Lovely Home was void.[1]  She further asserted that because Woods was not the "owner" of the property and was "only the registrant of the name" What A Lovely Home, he lacked standing to pursue a claim for damages.[2]

{¶5} Woods opposed the motion to dismiss.  He argued that "a fictitious name is a legal entity" that can hold title to real property and has standing to sue or be sued "as long as it is registered properly with the Ohio Secretary of State."  He further asserted that he and What A Lovely Home were one and the same, that he had properly reported his use of the fictitious name What A Lovely Home to the Ohio Secretary of State, and that, both at the time the subject lease was executed and the complaint was filed, the property was properly titled in the name of What A Lovely Home as his "d.b.a."[3]

{¶6} On September 25, 2017, hearings were held in the *Willis* and *Kellom* cases regarding Woods' damages claims and Willis' motion to dismiss.

{¶7} On October 13, 2017, Woods filed a forcible entry and detainer action (Garfield Heights M.C. No. CVG1703011) to evict Marcano from the Brunswick Avenue property and recover damages for "unpaid rent plus any lease violations or damages" (the "*Marcano* case"). As in the other cases, the parties reached an agreement regarding restitution of the premises and the case was set for a hearing on Woods' damages claim.

---

[1] At that time, both the Brunswick Avenue property and the Theodore Street property were titled in the name of "What A Lovely Home, a fictitious filing name registered in the state of Ohio by Doug Woods (single)."

[2] In support of her motion, Willis attached copies of Doug Woods' March 17, 2014 fictitious name filing for What A Lovely Home, a quit claim deed dated February 24, 2016 from What A Lovely Home, L.L.C. to "What A Lovely Home, a fictitious filing name registered in the state of Ohio by Doug Woods (single)" for the Brunswick Avenue property and a printout of search results, property data and tax information relating to the Brunswick Avenue property from the Cuyahoga County Auditor's website.

[3] In support of his opposition, Woods attached copies of the lease executed by Willis, his fictitious name filing for What A Lovely Home, the quit claim deed from What A Lovely Home, L.L.C. to "What A Lovely Home, a fictitious filing name registered in the state of Ohio by Doug Woods (single)" for the Brunswick Avenue property and search

**{¶8}** On October 31, 2017, the magistrate issued the following ruling in the *Kellom* case:

Issue: Can a registered fictitious name hold title to real estate the same being a non entity? This magistrate rules that this is not an entity and as same has no corpus or body. The name alone is not an entity as set forth by any statute creating a corporation, LLC or partnership. Logically, if it does not exist it has no standing to file suit using a dba. There being no entity as recognized by the statute or the court it would require an attorney at law to bring an action on its behalf if one would legally exist. Following this reasoning until further order of this court "What a lovely home" is an improper party to bring an action and therefore the second cause of action is dismissed in this case and others pending at plaintiff's cost.

**{¶9}** That same day, the magistrate issued an order in the *Willis* case stating that "[u]nder the reasoning as set forth in CVG 17023470 [sic][,] plaintiff has no standing to sue and therefore second cause of action is dismissed." In the *Willis* and *Kellom* cases, Woods thereafter filed a request for findings of fact and conclusions of law, a motion for a determination as to whether the magistrate's October 31, 2017 rulings should be considered findings of fact and conclusions of law and objections to the magistrate's October 31, 2017 rulings. He also filed a request to supplement the record in each case with select documents from other case, "transcripts" from hearings in the *Willis* and *Kellom* cases and a third case that is not part of this appeal [4] and other "evidence that may not have been available or allowed to be presented at the time of the subject hearings."[5]

---

results from the Cuyahoga County Auditor's website listing What A Lovely Home as the "owner" of the property.

[4] *Doug Woods dba What a Lovely Home v. Broadway Care Center, et al.* , Garfield Heights M.C. No. CVF 1701906 (the "*Broadway Care Center* case").

[5] This "evidence" included: (1) documentation related to the damages he sought to recover from Kellom; (2) an affidavit from Jacqueline Whitmore, the statutory agent for and sole member of What A Lovely Home, L.L.C., regarding the distinction between What A Lovely Home, L.L.C. and the business operated by Doug Woods under the fictitious name What A Lovely Home; (3) the leases executed by Willis and Kellom; (4) a magistrate's decision and judgment entry dated May 5, 2016 in the case *Doug Woods dba What A Lovely Home v. Tawonia Hudson*, Garfield Heights M.C. No. CVG1600431, in which a money judgment was entered in favor of Woods; (5) a motion to disqualify the magistrate filed in the *Marcano* case; (6) printouts of "frequently asked questions" and a list "filings in progress" for Doug Woods from the Ohio Secretary of State's website; (6) a "transcript" of a conversation between Doug Woods and a representative of the Ohio Secretary of State's office; (7) December 2015 correspondence from

**{¶10}** On November 29, 2017, the magistrate issued findings of fact and conclusions of law in the *Willis* case. The magistrate found that What A Lovcly Home is a fictitious name Doug Woods "registered" in the state of Ohio and that the Brunswick Avenue property was deeded to "What A Lovely Home, a fictitious filing name registered in the state of Ohio by Doug Woods" in February 2016. Based on these facts, the magistrate issued the following conclusions:

> 1. Plaintiff lacks standing to bring the current cause of action as Doug Woods is not the owner of the premises in question. The premises are owned by "What a Lovely Home." While Plaintiff Doug Woods registered the fictitious name with the state of Ohio, the deed is not made out to "Doug Woods, doing business as What a Lovely Home," but rather to "What a Lovely Home."
>
> 2. What a Lovely Home lacks standing in this case as a fictitious entity cannot hold title to real property in the state of Ohio. "A deed to a person not in being or to a fictitious person is void." Ohio Jur. 3d § 33, citing *Transcontinental Ins. Co. of New York v. Mining*, 135 F.2d 479 (C.C.A. 6th Cir. 1943): *Thomas v. City of Columbus*, 39 Ohio App. 3d 53, 528 N.E.2d 1274 (10th Dist.1987).
>
> 3. As Plaintiff — both as Doug Woods and as What a Lovely Home — lacks standing in this case, Plaintiff's second cause of action is dismissed. There is no just reason for delay.

**{¶11}** At the December 5, 2017 hearing in the *Willis* case, the trial court agreed that Woods lacked standing to bring to the action because title to the Brunswick Avenue property was held in a fictitious name. The trial court then issued judgment entries overruling Woods' objections in the *Willis* case and dismissing Woods' damages claims in all three cases, concluding that "Defendant [sic] is not the owner of the subject property" and that "[t]he property is titled in a fictitious name."

**{¶12}** Woods appealed, raising the following four assignments of error for review:

---

Woods to Whitmore regarding correction of the quit-claim deeds to reflect that the fictitious name is registered by Doug Woods; (8) an affidavit by Doug Woods in which he attests that he is the owner and lessor of the properties at issue and the registrant and user of the fictitious name "What A Lovely Home" and (9) a filing by Doug Woods, dated November 9, 2017, reporting his use of the fictitious name "Doug Woods dba What A Lovely Home" with the Ohio Secretary of State.

First Assignment of Error: The trial court's ruling that appellant did not have standing because he was not the owner of the subject property since the property was titled to a fictitious name was erroneous, contrary to law, an abuse of discretion and against the sufficiency and manifest weight of the evidence.

Second Assignment of Error: The trial court erred and abused its discretion by failing to allow appellant to have standing upon both his registration with the state and transfer of property ownership to "Doug Woods dba What a Lovely Home."

Third Assignment of Error: The trial court erred and abused its discretion by failing to allow appellant to have standing as the real party in interest.

Fourth Assignment of Error: The trial court erred by allowing appellees to use the issue of standing as an affirmative defense since it was not previously raised in any pleading.

**Law and Analysis**

**{¶13}** In his first assignment of error, Woods challenges the trial court's dismissal of his damages claims for lack of standing based on its determination that he was not the owner of the properties and that the properties were improperly titled in a fictitious name. Whether a party has standing to bring an action before the court presents a question of law, which we review de novo. *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 20.

**{¶14}** Under R.C. 1329.01(A)(2), a "fictitious name" is "a name used in business or trade that is fictitious and that the user has not registered or is not entitled to register as a trade name." R.C. 1329.01(D) provides, in relevant part:

Any person who does business under a fictitious name and who has not registered and does not wish to register the fictitious name as a trade name or who cannot do so because the name is not available for registration shall report the use of the fictitious name to the secretary of state, on a form prescribed by the secretary of state, setting forth all of the following:

(1) The name and business address of the user * * *:

(2) The fictitious name being used;

(3) The general nature of the business conducted by the user.

R.C. 1329.10(B) further provides, in relevant part:

> No person doing business under a trade name or fictitious name shall commence or maintain an action in the trade name or fictitious name in any court in this state or on account of any contracts made or transactions had in the trade name or fictitious name until it has first complied with section 1329.01 of the Revised Code * * *, but upon compliance, such an action may be commenced or maintained on any contracts and transactions entered into prior to compliance.

*See also Oldendick v. Crocker*, 2016-Ohio-5621, 70 N.E.3d 1033, ¶ 64-67 (trial court did not err in entering a judgment in favor of the landlords on their counterclaim and allowing them to set off damages against the tenant's security deposit where although landlord's use of fictitious name had not been reported to the secretary of state at the time they filed their counterclaim, the name was registered prior to final judgment); *Ebner v. Caudill*, 93 Ohio App.3d 785, 639 N.E.2d 1231 (10th Dist.1994) (where landlord entered into a lease using a fictitious name, landlord was prohibited from bringing an action based on the lease until he reported use of the name under R.C. 1329.01).

{¶15} The relevant facts are not in dispute. The record reflects that "What A Lovely Home" is a fictitious name used by Doug Woods and that Doug Woods reported his use of that fictitious name to the Ohio Secretary of State in March 2014. The record further reflects that "Doug Woods dba What A Lovely Home" was the "lessor" under the leases executed by Willis and Kellom and that the Brunswick Avenue and Theodore Street properties were titled in the name of "What A Lovely Home, a fictitious filing name registered in the state of Ohio by Doug Woods (single)" at the time the eviction actions were filed by "Doug Woods dba What A Lovely Home."

{¶16} In this case, the trial court dismissed Woods' claims for money damages because it believed that title to real property could not be held in a fictitious name. However, as the Tenth District explained in *Thomas v. Columbus*, 39 Ohio App.3d 53, 528 N.E.2d 1274 (10th

Dist.1987), there is a difference between a conveyance to a nonexistent or wholly fictitious grantee and a conveyance to a person using or operating under an assumed or fictitious name:

> [T]he sometimes stated "general rule" that a deed which names a fictitious person as grantee is void is based on the physical nonexistence of any grantee. However, care must always be taken to distinguish between a deed to a nonexistent being and a deed to a person in existence who is described by an assumed, fictitious, trade, or inaccurate name.

*Id.* at 1276-1277, citing 23 *American Jurisprudence 2d*, Deeds, Sections 28 and 38, at 95, 101 (1983). In *Thomas*, the plaintiff sued the city of Columbus, alleging that the city had improperly demolished a building on a piece of real estate he owned. *Thomas* at 1275. After the plaintiff purchased the property, title to the property was placed in the name "Kim-Lynn-Shawn, Inc." The articles of incorporation necessary to form a corporation named "Kim-Lynn-Shawn" were prepared but never filed. *Id.* The trial court granted summary judgment in favor of the city, concluding the plaintiff was not the owner of the property and that the corporation did not have capacity to sue because its articles of incorporation were never filed. *Id.* On appeal, the Tenth District held that it could not be ascertained from the record if Kim-Lynn-Shawn, Inc. was a fictitious name or a trade name and that, if the plaintiff was the owner of the property under an assumed name, he would have standing to sue. *Id.* at 1277. Because reasonable minds could come to different conclusions regarding the issue, the court held that the trial court had erred in granting summary judgment. *Id.*; *see also* 1 *Ohio Real Property Law and Practice*, Section 6.09[7] (2017) ("A deed is valid between the parties when from or to a person acting under an assumed or fictitious name, but not to a completely fictitious person. * * * A conveyance to a fictitious person is void. * * * There is a distinction, however, between conveying a deed to a fictitious, nonexistent being and a person in existence who is described by a fictitious name. Thus, a conveyance to a person doing business under a fictitious name is valid, but a conveyance

to a person not in being, or a fictitious entity is a nullity."); 9 *Thompson on Real Property*, Section 82.08(a)(2), (Thomas Ed. 2018), fn. 221 ("A deed conveying land to a nonexistent or wholly fictitious grantee is treated differently than a conveyance to a person or business operation or using an 'assumed name.' In the former case, the deed is void * * * ; in the later case the requirement of a having a 'grantee' has been met. * * * [T]he assumed name 'is sufficient.'"), quoting *Roeckl v. F.D.I.C.*, 885 P.2d 1067 (Alaska 1994) ("transfers to grantees under assumed names — as opposed to transfers to wholly fictitious or nonexistent entities — are not generally barred").

{¶17} What A Lovely Home is not a nonexistent, *fictitious person*; it is a properly reported, *fictitious name*. As these authorities make clear, a person can enter into a contract, sue and be sued and hold title to property under a properly reported fictitious name. Doing business under another name does not create an entity distinct from the person operating the business. *See, e.g., Oldendick*, 2016-Ohio-5621, 70 N.E.3d 1033, at ¶ 68, citing *Patterson v. V & M Auto Body*, 63 Ohio St.3d 573, 574-575, 589 N.E.2d 1306 (1992); *see also Herschell v. Rudolph*, 11th Dist. Lake No. 2001-L-069, 2002-Ohio-1688, ¶ 28 ("When 'd.b.a.' (doing business as) is used, there is no legal distinction between the individual and the business entity since it is merely a descriptive of the person who does business under some other name."). The real person that uses the fictitious name when entering into a contract is the actual party to the contract. Likewise, a deed to a fictitious name is really a deed to the person operating under the fictitious name.

{¶18} The evidence demonstrates that Doug Woods reported his use of the fictitious name What A Lovely Home to the Secretary of State before taking title to the properties at issue and before filing the actions at issue in this case. As such, Doug Woods has the right to operate under the fictitious name What A Lovely Home, to take title to property in that name and to sue to

enforce contracts entered in that name. *See, e.g., Shafron Enterprises Defined Benefit Pension Plan v. Midland Title Security, Inc.*, 8th Dist. Cuyahoga No. 60922, 1992 Ohio App. LEXIS 3301, 3-4 (June 22, 1992) (rejecting claims of defendant title company that plaintiff pension plan lacked standing to sue because used a fictitious name when it purchased the property at issue).

{¶19} Further, the fact that What A Lovely Home was a fictitious name and that Doug Woods was the "real person" behind What A Lovely Home (and owner of the properties at issue) was clear from the face of the deeds themselves. At the time the eviction actions were filed, "What A Lovely Home, a fictitious filing name registered in the state of Ohio by Doug Woods (single)" was the grantee on the deeds.[6]

{¶20} Accordingly, the trial court erred in dismissing Woods' claims for damages. Woods' first assignment of error is sustained. Based on our resolution of Woods' first assignment of error, his remaining assignments of error are moot.

{¶21} Judgments reversed; cases remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellees the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to Garfield Heights Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

[6] On November 9, 2017, Doug Woods executed quit claim deeds transferring the subject properties from "What A Lovely Home, a fictitious filing name registered in the state of Ohio by Doug Woods (single), the Grantor" to "Doug Woods dba What A Lovely Home (single), the Grantee." However, it appears that copies of these deeds were not filed until after the trial court issued the judgment entries dismissing Woods' damages claims. Therefore, they are not considered by this court on appeal.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
LARRY A. JONES, SR., J., CONCUR