[This opinion has been published in *Ohio Official Reports* at 175 Ohio St.3d 1201.]

IN RE DISQUALIFICATION OF SCOTT.

THE CITY OF CLEVELAND *v*. ST. ANTHONY CHURCH.

[Cite as *In re Disqualification of Scott*, 2024-Ohio-1462.]

*Judges—Affidavits of disqualification—R.C. 2701.031—Standing—Because name of party in the underlying cases is a fictitious name registered and used by affiant, affiant is considered a party to the cases and has standing to file an affidavit of disqualification—Affiant failed to demonstrate bias or prejudice—Disqualification denied.*

(No. 24-AP-033—Decided April 4, 2024.)

ON AFFIDAVIT OF DISQUALIFICATION in Cleveland Municipal Court, Housing Division, Case Nos. 2022-CRB-003944 and 2022-CRB-003945.

_____

KENNEDY, C.J.

{¶ 1} Albert Thrower, who avers that he is doing business as St. Anthony Church, the defendant in the two underlying cases, has filed an affidavit of disqualification pursuant to R.C. 2701.031 seeking to disqualify Judge W. Moná Scott of the Cleveland Municipal Court, Housing Division, from presiding over the cases. Judge Scott was not asked to file a response to the affidavit of disqualification.

{¶ 2} This matter presents the threshold question of whether Thrower has standing to seek Judge Scott's disqualification. R.C. 2701.031 permits "any party to [a municipal-court] proceeding or the party's counsel" to file an affidavit of disqualification against the municipal-court judge. As explained below, because at the time the underlying cases were filed, St. Anthony Church was a fictitious name registered and used by Thrower, he is considered a party to the cases. Therefore, Thrower has standing to file the affidavit of disqualification.

**{¶ 3}** Turning to the merits of the affidavit of disqualification, Thrower has not established that the judge should be disqualified. Therefore, the affidavit of disqualification is denied. The cases shall proceed before Judge Scott.

### Trial-Court Proceedings

**{¶ 4}** On May 20, 2022, the city of Cleveland filed complaints against St. Anthony Church, charging it with misdemeanor counts of failure to comply with an order of the Cleveland Building Department. At that time, Thrower had registered "St. Anthony Church" as a fictitious name with the Ohio secretary of state. The fictitious-name registration expired November 15, 2022, because Thrower had failed to file a renewal application. On December 22, 2022, Thrower filed articles of incorporation with the secretary of state for St. Anthony Church, Inc.

**{¶ 5}** On March 29, 2023, Thrower pleaded no contest to the charges on behalf of St. Anthony Church. Thrower had filed a corporate authorization with the court, and he told the judge that he was St. Anthony Church's sole shareholder and principal agent. The judge noted that St. Anthony Church was "an organization LLC or entity," and Thrower was referred to as the "Defendant representative" and "Defense representative." The judge was also informed that St. Anthony Church was "currently registered with the Ohio Secretary of State." Judge Scott found the defendant guilty and later imposed community-control sanctions.

**{¶ 6}** On January 11, 2024, Judge Scott held a status hearing, for which Thrower appeared by Zoom. At the beginning of the hearing, the following exchange occurred between Judge Scott and Thrower:

> [Judge Scott]: Mr. Thrower, are you in a room by yourself? Can you take off the—you got to unmute yourself. And then, good morning, Attorney Sheehan.
>
> [Attorney Sheehan]: Good morning, Your Honor.

[Judge Scott]: Mr. Thrower, are you in a room by yourself?

[Thrower]: Yes.

[Judge Scott]: Okay.  Do you want to take off the mask while you're in there—

[Thrower]: Oh, okay.

[Judge Scott]:—virtually?  I believe we're pretty safe in here in our own virtual—thanks.

That being said, we are here for a status update on two cases. We'll hear from [the housing-court specialist] with the status update, and then we will hear from Mr. Thrower on behalf of St. Anthony Church and his counsel of record, Attorney Sheehan.

**{¶ 7}** The housing-court specialist stated that St. Anthony Church had complied with some, but not all, of the community-control conditions.  Judge Scott then asked Thrower, on behalf of St. Anthony Church, questions related to the housing-court specialist's report.  At the end of the hearing, the judge continued the cases for another status hearing.

**{¶ 8}** On March 13, Thrower filed this affidavit of disqualification.  The affidavit refers to the affiant as "Albert Thrower DBA St Anthony Church expired DBA."  It also refers to "St Anthony Church-Defendant-expired DBA owned by Albert Thrower."  Thrower signed the affidavit as "Albert Thrower for self/expired DBA."  (Underlining sic.)

**{¶ 9}** Because the question of standing asks whether a particular individual is entitled to have a court hear a controversy, a threshold issue is whether Thrower is qualified pursuant to R.C. 2701.031 to file an affidavit of disqualification against Judge Scott.

**Standing to File an Affidavit of Disqualification**

{¶ 10} Standing to file an affidavit of disqualification is conferred by statute. *See In re Disqualification of Gallagher*, 173 Ohio St.3d 1201, 2023-Ohio-2977, 228 N.E.3d 1, ¶ 26. R.C. 2701.031 provides that "[i]f a judge of a municipal or county court allegedly is interested in a proceeding pending before the judge, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the judge or to a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the judge, *any party to the proceeding or the party's counsel may file an affidavit of disqualification* with the clerk of the supreme court." (Emphasis added.)

{¶ 11} Under this plain and unambiguous language, only a "party to the proceeding or the party's counsel" may file an affidavit of disqualification. *Id.* Chief justices "have 'strictly enforced' this statutory language and have consistently found that 'individuals who do not qualify as a "party" or "party's counsel" do not have standing to file an affidavit of disqualification.' " *Gallagher* at ¶ 26, quoting *In re Disqualification of Grendell*, 137 Ohio St.3d 1220, 2013-Ohio-5243, 999 N.E.2d 681, ¶ 2; *see also In re Disqualification of Leach*, 173 Ohio St.3d 1252, 2023-Ohio-4776, 229 N.E.3d 1233. For purposes of R.C. 2701.031, a "party's counsel" includes counsel of record in the underlying case from which the judge's disqualification is sought *or* an attorney retained by a party in the underlying case to file an affidavit of disqualification in this court. *See Gallagher* at ¶ 29-34.

{¶ 12} In the affidavit of disqualification, Thrower describes himself as "DBA St Anthony Church expired DBA" and indicates that St. Anthony Church is an "expired DBA owned by Albert Thrower." "D.b.a." means "[d]oing business as" and usually precedes a person's or business's assumed name. *Black's Law Dictionary* 499 (11th Ed.2019). The use of "d.b.a." often "signals to a consumer that a person or company is doing business under a fictious name." *Perk v.*

*Tomorrows Home Solutions*, 8th Dist. Cuyahoga No. 107012, 2019-Ohio-103, ¶ 19.

{¶ 13} " 'Fictitious name' means a name used in business or trade that is fictitious and that the user has not registered or is not entitled to register as a trade name. It does not include the name of record of any domestic corporation that is formed under Chapter 1701 or 1702 of the Revised Code." R.C. 1329.01(A)(2). R.C. 1329.01(D) provides, in relevant part:

> Any person who does business under a fictitious name and who has not registered and does not wish to register the fictitious name as a trade name or who cannot do so because the name is not available for registration shall report the use of the fictitious name to the secretary of state, on a form prescribed by the secretary of state, setting forth all of the following:
>
> (1) The name and business address of the user * * *.
>
> (2) The fictitious name being used[.]
>
> (3) The general nature of the business conducted by the user.

As noted above, Thrower reported the use of the fictitious name "St. Anthony Church" to the secretary of state.

{¶ 14} Doing business under a fictitious name does not create an entity distinct from the person operating the business or entity. *See, e.g.*, *Patterson v. V&M Auto Body*, 63 Ohio St.3d 573, 575, 589 N.E.2d 1306 (1992), quoting *Duval v. Midwest Auto City, Inc.*, 425 F.Supp. 1381, 1387 (D.Neb.1977) (a sole proprietorship doing business under a fictitious name " 'does not create an entity distinct from the person operating the business' "); *Perk* at ¶ 19. " 'The individual who does business as a sole proprietor under one or several names remains one

person, personally liable for all his obligations.' " *Patterson* at 575, quoting *Duval* at 1387.

**{¶ 15}** At the time the complaints were filed against St. Anthony Church, St. Anthony Church was a fictitious name that Thrower used for business. And because St. Anthony Church was merely a fictitious name, there was no legal distinction between Thrower and St. Anthony Church. *See LexisNexis, a Div. of RELX, Inc. v. Moreau-Davila*, 2017-Ohio-6998, 95 N.E.3d 674, ¶ 58 (2d Dist.); *Woods v. Marcano*, 2018-Ohio-4324, 122 N.E.3d 633, ¶ 17 (8th Dist.). Thrower was the party against whom the complaints were filed in May 2022, and he therefore is a party to the underlying proceedings.

**{¶ 16}** Moreover, in affidavit-of-disqualification proceedings, "a 'party' is defined as '[o]ne by or against whom a lawsuit is brought; anyone who both is directly interested in a lawsuit and has a right to control the proceedings, make a defense, or appeal from an adverse judgment.' " *In re Disqualification of Berhalter*, 173 Ohio St.3d 1255, 2023-Ohio-4881, 229 N.E.3d 1235, ¶ 21, quoting *Black's* at 1350-1351. Thrower submitted transcripts of two hearings in the underlying cases. A review of those transcripts makes clear that he is directly interested in the action and has the right to control the proceedings. Thrower was referred to as the defendant's representative, he entered pleas on behalf of St. Anthony Church, and he had to answer for the defendant's purported violations of community-control conditions.

**{¶ 17}** Based on this record, Thrower is considered a "party to the proceeding[s]" pursuant to R.C. 2701.031 for purposes of filing an affidavit of disqualification. Therefore, Thrower has standing to file an affidavit of disqualification. This decision will now turn to the allegation in the affidavit of disqualification.

**Affidavit-of-Disqualification Proceedings**

{¶ 18} R.C. 2701.031 provides that if a judge of a municipal court "allegedly is interested in a proceeding pending before the judge, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the judge or to a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the judge," then a party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of this court.

{¶ 19} Thrower alleges that Judge Scott is biased and prejudiced against him. In support of the allegation, Thrower states that the judge "ordered [him] to remove his mask when he was appearing on Zoom" for the January 11 hearing. Because he previously had cancer, Thrower claims that the judge's order endangered his health and exposed him to risks associated with COVID-19 and influenza.

**Disqualification of a Municipal-Court Judge**

{¶ 20} As set forth above, R.C. 2701.031 provides two specific grounds and a catchall provision for the disqualification of a municipal-court judge. Granting or denying the affidavit of disqualification turns on whether the chief justice determines that the allegations of interest, bias, prejudice, or disqualification alleged in the affidavit exist. R.C. 2701.031 and 2701.03(E).

{¶ 21} The burden falls on the affiant to submit "specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations." R.C. 2701.03(B)(1). Therefore, "[a]n affidavit must describe with specificity and particularity those facts alleged to support the claim." *In re Disqualification of Mitrovich*, 101 Ohio St.3d 1214, 2003-Ohio-7358, 803 N.E.2d 816, ¶ 4.

{¶ 22} Thrower alleges one basis for the disqualification of Judge Scott: the judge is biased and prejudiced against him.

**{¶ 23}** "The term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " *In re Disqualification of O'Neill*, 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph four of the syllabus. " 'Bias or prejudice on the part of a judge will not be presumed. In fact, the law presumes that a judge is unbiased and unprejudiced in the matters over which he presides, and bias or prejudice must be strong enough to overcome the presumption of his integrity.' " *Id.* at ¶ 16, quoting 48A Corpus Juris Secundum, Judges, Section 108, at 731 (1981). A determination of whether a judge is biased or prejudiced is based on the judge's words and/or actions and whether they convey that the judge is predisposed to an outcome of a case.

## Analysis

**{¶ 24}** Thrower has not established that Judge Scott's disqualification is warranted.

**{¶ 25}** Contrary to Thrower's contention, Judge Scott did not order him to remove his mask during the January 11 hearing. The judge asked whether he was in a room by himself and whether he wanted to remove his mask. He replied, "Oh, okay." The judge merely asked an open-ended question; it was not a directive. Thrower did *not* inform the judge in response that he was uncomfortable with removing the mask due to any potential health risks. This brief interaction between the judge and Thrower does not support a finding that Judge Scott has hostile feelings or ill will toward Thrower or that the judge has formed a fixed anticipatory judgment on any remaining issue in the underlying cases.

**{¶ 26}** Therefore, this allegation lacks merit.

8

## Conclusion

**{¶ 27}** The affidavit of disqualification is denied.  The cases shall proceed before Judge Scott.

————————————